Georgia R. R. vs. Kirkpatrick.

THE GEORGIA RAILROAD & BANKING COMPANY, plaintiff in error, vs. JOHN L. KIRKPATRICK, defendant in error.

The act of 1859, *pamp. p.* '48, except †so far as it is incorporated in the Code, is repealed; and, therefore, although the injury in this case was committed in DeKalb, suit should have been brought in Richmond county.

Trespass. Demurrer to Declaration. Decided by Judge WARNER. In DeKalb Superior Court. October Term, 1866.

The suit was brought by the defendant in error against the plaintiff in error in October, 1866. The declaration alleged a trespass upon the land of the plaintiff below, situate in DeKalb county, where the action was brought, by the Railroad Company, committed in the year 1865, by entering upon said land, and cutting down and destroying the trees and underwood thereon. The declaration also contained a count in trover for divers cross-ties, the property of the plaintiff, alleging a conversion of the same by the defendant, in said county.

It was admitted that the principal office of the defendant was, and ever had been, in Richmond county.

Defendant demurred to the declaration, and moved to dismiss the same, on the ground that the Court had no jurisdiction of the cause of action.

The Court decided in favor of the jurisdiction, and refused to dismiss the cause; and this is assigned as error.

GLENN & SON and BLECKLEY, for plaintiff in error.

CANDLER, for defendant.

WALKER, J.

Had the Superior Court of DeKalb county jurisdiction of this case? The act of 1859, *pamp.* 48, says: " No suit against a Railroad Company in this State shall hereafter be dismissed for want of jurisdiction in the Court in the

county in which said suit may be pending, or hereafter brought; *provided* the road of such company is located in, or shall run through, the county in which such suit is or may be pending; *provided*, further, *the cause of action arose, or the contract was made,* or to be performed in the county where the suit is instituted." The *Code, sec.* 3313, says: "*All civil cases* in law (*except as hereinafter provided*) shall be tried in the county wherein the defendant resides." *Section* 3317 provides for suing Railroad companies in the county where the cause of action originated, for the recovery of damages caused " by the running of the cars or engines;" and, also, on all *contracts to be performed* in the county where suit is brought." Here, it will be observed, the words " the cause of action arose, or the contract was made," and which are found in the Act of 1859, are omitted. These two classes are not within those excepted out of the general provision made by section 3313. We think, therefore, that the two sections of the Code cited show clearly that a case like this must be sued " where the defendant resides;" that Richmond, and not DeKalb county, has jurisdiction of this case; and that the action must be dismissed.

Judgment reversed.