POWELL vs. CHESHIRE.

[This case was brought forward from the last term, under §4271 (a) of the Code.]

1. A bill in equity to enjoin a trespass upon realty by felling timber, is not such a suit respecting the title to land as must be brought in the county where the land lies. The proper venue of such a case is the county of the residence of a defendant against whom substantial relief is prayed.

(a.) If the court in which a case is brought, has no jurisdiction to try the same, it will be dismissed whenever the court is apprised of such fact.

2. A demurrer to a bill in equity upon the ground that there is an ample common law remedy, must be filed at the first term.

(a.) Where an agreement was made to consider a general demurrer for want of equity as having been filed at the first term, it not having been in fact so filed, such general demurrer will not be considered as raising the question whether an ample remedy exists at law.

(b.) A bill having been demurred to and an amendment made in regard to material matters, the original demurrer does not relate forward and cover both bill and amendment.

3. A court of equity, having proper possession of the case, may grant relief, not only by staying waste or trespass to the freehold for the future, but also by giving damages for the past; and that, whether the case be founded upon privity of title or not.

(a.) To give equity jurisdiction, the injury must be irreparable in damages or the trespasser be insolvent, or other circumstances (such as the avoidance of circuity and multiplicity of actions) must exist, rendering the interposition of a court of equity necessary. If the trespass or waste be so destructive of the estate or of some vital necessity to the enjoyment thereof, and so ruinous as not to be capable of actual measurement in money, equity will interfere.

(b.) Where a farm of ninety acres contained but seventeen acres of wooded land, the preservation of which was essential for the proper use of the farm, as well as for use as a building site for the owner's residence, for which a portion of it had been prepared, many of the trees being large and of ancient growth, a destruction of such trees by a naked trespasser, without title or claim of right, leaving the owner without wood, shade or proper building site, would give ground for equitable relief.

February 20. 1883.

Equity. Practice in Superior Court. Jurisdiction. Constitutional Law. Before Judge HILLYER. Fulton Superior Court. April Term, 1882.

Reported in the decision.

J. T. PENDLETON; GEORGE N. & D. P. LESTER, for plaintiff in error.

CANDLER & THOMSON, for defendant.

JACKSON, Chief Justice.

This bill in equity was filed to stay wàste by writ of injunction. The complainant alleges title to, and possession of, a tract of land in DeKalb county, used by him as a farm, and upon which he was preparing to erect a dwelling-house as a residence; that some seventeen acres of said land was wooded, and was the only woodland on the tract of ninety-two acres; that defendant, without title or claim of right, was cutting down the timber on those seventeen acres; that he had destroyed many trees, and was still engaged in cutting down and destroying others; and that, among those thus destroyed, were trees where he had cleared up the undergrowth and cleaned up the spot for the purpose of erecting his residence thereon; and that thus his entire place was being ruined and wasted by a naked trespasser, by the destruction of all the timber thereon essential for the farming purposes of the tract, and the killing and destroying the shade trees which the complainant had thus prepared and reserved for the surroundings of the contemplated residence; and thus that the damage to the farm and the part of the land reserved for said residence, was incapable of being computed in money, and irreparable.

To this bill, after several terms of the court had elapsed, a general demurrer, for want of equity therein, was filed. Counsel for complainant agreed that this demurrer should be considered as filed at the first term. After this agreement, an amendment was made to the bill, and to the bill, as amended, no demurrer was filed.

The court dismissed the bill, and complainant excepted.

1. If the court had no jurisdiction, the court should have dismissed it whenever apprised of that fact; for it would be a vain thing to try a case, where it had no authority or jurisdiction to decree relief. So that the first question is, did the court of equity in Fulton county have jurisdiction of the cause, the defendant residing in Fulton and the land in DeKalb?

Equity causes are to be tried in the county of the residence of a defendant against whom substantial relief is prayed. Constitution, Art. 6, sec. 16, par. 3, Code, §5169. Cases respecting titles to land must be tried where the land lies. Code, §5168, par. 2 of the same title and section· The two paragraphs must be construed so that both can stand and neither be annulled.

· If, therefore, the relief prayed for in the equity cause, be not to recover land, and in that sense affect title, the court of the residence of the defendant would have the jurisdiction; but if its purpose was, and the relief prayed for is, to fix title, then the question of jurisdiction would be more difficult of solution, and the effort to reconcile the two paragraphs of the constitution so as to vitalize both, would not be so easy. This cause is not to try title, but to stay waste. Title may be drawn into the trial, but it is an incident, not the gravamen of the bill.

But we think that this court has settled the principle that covers this cause. It has been ruled squarely that an action of trespass *quare clausum fregit*, must be brought in the county of the defendant's residence.

Paragraph 6 of the same section of the same article, which is, in effect, the same as in prior constitutions, requires all other cases to be tried where defendant resides. Other cases than what cases? Those classes of cases previously provided for, is the clear answer. One class of these is cases respecting land titles, in paragraph 2. Yet, trespass *quare clausum fregit*, it was ruled in 34 *Ga.*, 509, and 35 *Ga.*, 144, should be brought in the county where the defendant resided, though the land lay in a different county.

That writ, at common law, affects title to land as much as as this equity suit can. The one is to put a stop to trespass, by final decree for injunction; the other is to recover damage therefor. Neither can be successful unless the title, by possession or deed, be exhibited to the court, and if the jurisdiction of the law court be clear in the county of residence, the jurisdiction of the equity court is as clear. See, also, 34 *Ga.*, 53, 62, which appears to settle the point in equity cases.

2. Was the bill legally dismissed because the complainant had an adequate and complete remedy at law? It could not be, because the demurrer set up no such ground' which it should have done. That demurrer must be filed at the first term, or it will not be heard. The other jurisdiction must be pointed out to the complainant at once, *in limine*, so that he may go there without delay. This general demurrer, for want of equity, need not absolutely be filed at the first term. Therefore, we think the court did not dismiss the bill on the ground of complete remedy at law, because it could not legally have done so.

Moreover, we think that the agreement must be construed in the light of the demurrer. It is an agreement to try that demurrer for want of equity in general, and not a demurrer which could not, at that late stage, have been filed at all. At all events, this is all which was agreed to; and we have seen that it should have specified this ground, if that was to be relied on. In addition to all this, the bill tried was not demurred to at all. That bill is the bill as amended. After the amendment, there was no demurrer at all.

3. But however that may be, it seems clear that the bill should have been retained and a decree had thereon, without regard to the completeness of the remedy at law, unless it was not in the power of a court of equity to grant relief. But it is in the power of courts of equity to grant relief, not only to stay waste or trespass to the freehold for the fu-

ture, but to give damages for the past.   Story's Eq. Jur., 515, 518, 917.

This jurisdiction was originally confined to cases founded in privity of title, but was afterwards enlarged, so as to embrace cases of adverse claims and rights not founded in privity.   Story's Eq. Jur., 918;   Eden on Inj., ch. 9, p. 191 to 196;   ch. 10, p. 206 to 214.   To give jurisdiction to equity, the trespass or waste must be destructive to the estate, or, in other words, so ruinous as not to be capable of an accurate measurement in money, or so destructive to something of such vital necessity to the enjoyment of one's estate as that money cannot well give compensation therefor;   or, as laid down in the Code of Georgia, where " the injury is irreparable in damages, or the trespasser is insolvent, or there exist other circumstances which, in the discretion of the court, render the interposition of this writ (of injunction) necessary and proper, among which shall be the avoidance of circuity and multiplicity of actions."

The facts alleged here, we think, make a case within these rules of law defining the limits within which equity will interfere by injunction.   If the shade trees, necessarily the growth of years, in some instances of centuries, standing in a man's yard where he has built his residence, or is about to build it, are being cut down and destroyed, nothing but time, and time beyond a generation, can replace them.   It is impossible to estimate the value to the homestead in money.   It is irreparable in damages.   If the only timber on a ninety acre farm is being cut down, and all forest vegetation laid waste, so that nothing will be left to shade man or beast in toil or in rest, in the field or the pasture,—nothing to repair fencing or mend the fire, it would be very difficult to ascertain the damage in money.   In either case, both of which appear in this bill, how can damages be estimated at all ?   Is not the waste destructive to the freehold as a farm, for farming purposes, and almost equally so to the freehold chosen as the spot for a residence, and cleared of undergrowth for

that purpose ? Especially should equity arrest such destruction where the defendant is a mere naked trespasser, without shadow of title or right to the land.

The case is without the principle ruled in 62 *Ga.*, 171, and others cited by defendant. See 1 High on Inj., 724, 726, 727, and cases cited there. 11 Am. Dec., pp. 500, 501 ; 14 Md., 152.

Judgment reversed.