JOSEPH KELLY

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa January 25, 1886.*

1. CRIMINAL LAW—*increase of punishment upon subsequent conviction for further offences—constitutionality of act of 1883.* The first section of the act of 1883, respecting conviction upon second and third offences, and providing for increased punishment on such convictions, is not in violation of section 11, article 2, of the constitution, requiring all penalties to be proportioned to the nature of the offence, nor of the constitutional provision that no one shall be put in jeopardy twice for the same offence.

2. It would be entirely competent for the legislature, in the absence of this act, to affix as a punishment for the first commission of any one of the crimes named therein, the highest punishment that is named in the act, and it would not be for the court to say that the penalty was not proportioned to the nature of the offence.

3. SAME—*for what offences the subsequent convictions must be had, in order to an increase of punishment.* Under section 1 of the act of 1883, providing for an increased punishment for a second or third conviction, it is

not necessary that the subsequent conviction shall be for the same identical character of offence. It is sufficient if the accused shall have been convicted of any one of the offences named in the act.

4. Same—*effect of mere error or irregularity in a former conviction, when offered to be shown as a basis for increased punishment.* Where a person indicted for robbery, pleaded not guilty, and waived a trial by jury, and was found guilty, and sentenced to the penitentiary for one year, and served out his term, and was again indicted for burglary, the indictment showing his former conviction, it was *held,* that conceding the former conviction to have been erroneous, the judgment was not void, and was properly admitted in evidence on the trial of the second indictment, under the act of 1883, as a basis for an increased punishment.

5. Judgment—*effect of mere error, and how that may be availed of.* It is a general rule that where a court has jurisdiction of the subject matter and of the person, its judgment in the case will not be void, although it may be erroneous, and its validity can not be questioned in a collateral proceeding.

6. Jurisdiction—*defined—and when acquired.* The power to hear and determine a case is jurisdiction. It is *coram judice* whenever a case is presented which brings this power into action. So when a person is indicted and arrested, and pleads not guilty as to the offence charged, the court acquires jurisdiction, and its judgment of conviction will not be a nullity merely for the reason of its being based upon a finding by the court without a verdict by a jury.

Writ of Error to the Criminal Court of Cook county; the Hon. George Gardner, Judge, presiding.

Mr. J. M. Longenecker, for the plaintiff in error:

The act under which the plaintiff in error was convicted (chap. 38, sec. 272, Stat. of 1883,) is unconstitutional, for the reason that the punishment provided for is not in proportion to the nature of the offence, but is because of a former conviction for which the person charged has paid the penalty. Sec. 11, art. 2, Const. 1870.

Under this act it is really putting the person in jeopardy twice for the same offence, which is in violation of section 10, article 2, of the constitution of 1870.

We insist that the second conviction must be for the same crime as the former,—that is, if once tried for burglary and convicted, and thereafter convicted of burglary, he shall re-

ceive the highest punishment for burglary at such last conviction.

Before the record of a former conviction can be used as evidence against the person on trial to show a former conviction, it must be the record of a legal former conviction. The former conviction in this case was a nullity for want of power in the court to render the judgment. The court could not try the case, as it had no jurisdiction, and the defendant could not confer it by waiving a jury. The only tribunal to fix punishment in the penitentiary on a plea of not guilty is a jury. Sec. 444 of Crim. Code. See, also, sec. 428.

According to the common law, all trials for felonies must be tried by a jury of not less than twelve men. Cooley's Const. Lim. 395, 399, 500.

Consent can not confer jurisdiction. See *Foley* v. *People,* Beecher's Breese, 57; *Buseman* v. *City of Peoria,* 16 Ill. 484; *State* v. *Maynard,* 14 id. 420; *Ginn* v. *Rogers,* 4 Gilm. 134; *State* v. *Maine,* 27 Conn. 281; *Hill* v. *People,* 16 Mich. 351.

The following cases hold that trial by jury can not be waived in cases of felonies: *State* v. *Lockwood,* 43 Wis. 403; *Bond* v. *State,* 17 Ark. 290; *People* v. *Smith,* 9 Mich. 193; *League* v. *State,* 36 Md. 259; *People* v. *O'Neill,* 48 Cal. 257; *Carpenter* v. *State,* 5 Miss. 163; *Brown* v. *State,* 16 Ind. 496; Wharton on Crim. Pleading and Prac. sec. 893; 1 Bishop on Crim. Prac. 893.

Mr. JULIUS S. GRINNELL, State's Attorney, for the People:

The Habitual Criminal act is not unconstitutional. It does not put a person in jeopardy twice for the same offence.

A statute may provide a heavier penalty for a second or third offence than for the first. 1 Bishop on Crim. Law, 959; 12 Wharton on Crim. Law, 13; 1 Archbold's Crim. Prac. & Pl. 1165.

The record of the former conviction was sufficient. The court had jurisdiction, and its judgment is valid.

If the defendant has consented to any step in the (criminal) proceedings, or if it has been taken at his request, or he did not object to it at the proper time when he might, he can not afterward complain of it, however contrary it was to his constitutional, statutory or common law rights. 1 Bishop on Crim. Prac. sec. 117, *et seq.;* 1 Bishop on Crim. Law, sec. 996.

No defendant is presumed to waive any of his rights. All of them are guaranteed to him by the constitution and laws, and in no way can he be forced to relinquish them; but if a prisoner expressly waives some of these constitutional rights, he ought to be estopped from finding fault.

Mr. Justice Sheldon delivered the opinion of the Court:

Joseph Kelly, at the January term, 1884, was tried by a jury in the Criminal Court of Cook county, for burglary, the indictment containing a count setting forth a former conviction, at the July term, 1882, of said Kelly, for robbery. He was found guilty of burglary, and the jury, under instruction of the court, fixed his punishment at fourteen years' imprisonment in the penitentiary. The court sentenced him accordingly.

Several questions are raised with respect to the act respecting conviction upon second and third offences, approved June 23, 1883. (Laws 1883, p. 76.) That act, in its first section, is as follows:

"That whenever any person having been convicted of either of the crimes of burglary, grand larceny, horse stealing, robbery, forgery or counterfeiting, shall thereafter be convicted of any one of such crimes committed after such first conviction, the punishment shall be imprisonment in the penitentiary for the full term provided by law for such crime at the time of such last conviction therefor; and whenever any such person, having been so convicted the second time as above provided, shall be again convicted of any of said crimes committed after said second conviction, the punishment shall be

imprisonment in the penitentiary for a period not less than fifteen years : *Provided,* that such former conviction or convictions and judgment or judgments shall be set forth in apt words in the indictment."

It is objected that the act is unconstitutional in that it violates the provision that "all penalties shall be proportioned to the nature of the offence." (Sec. 11, art. 2, Const. 1870.) It is said the punishment provided for by the act is not in proportion to the nature of the offence, but is because of a former conviction for which the person charged has paid the penalty. Similar statutes have been adopted in many of the States, and they are upon the principle that it is just that an old offender should be punished more severely for a second offence,—that repetition of the offence aggravates guilt. (1 Bishop on Crim. Law, 959 ; 1 Wharton on Crim. Law, sec. 13.) It would be entirely competent for the legislature, in the absence of this act, to fix as a punishment for the first commission of any one of the crimes named, the highest punishment that is authorized by the act, and it would not be for the court to say the penalty was not proportioned to the nature of the offence.

It is urged that, under this act, it is putting the accused in jeopardy twice for the same offence, in violation of section 10, article 2, of the constitution. There is no trial twice for the same offence, but twice for two crimes committed at different times. The constitutional objections are without force.

It is next insisted that under this act the second conviction must be for the same crime the former conviction was for. We do not so read the statute. The language is most plain, that whenever any person having been convicted of either of the several enumerated crimes, shall thereafter be convicted of *any one of such crimes,* etc. It seems quite clear that the second conviction is not to be of a *particular* one of the crimes —the one for which the former conviction was had—but of *any* one of the crimes named.

The record, introduced to show a former conviction for robbery, shows that the accused was indicted for robbery at the July term of court, 1882, and that he pleaded not guilty; that he waived the intervention of a jury, and was tried by the court without a jury, and found guilty by the court in manner and form as charged in the indictment,—that is to say, of robbery,—and was sentenced to the penitentiary for one year.   It is insisted this did not show a legal conviction of robbery,—that the accused in a criminal case of felony can not waive a trial by jury, and be tried by consent by the court, and upon a finding of guilty on such a trial, be legally sentenced thereon.   Conceding this to be so, and that a judgment upon such a finding of guilty would be irregular and erroneous, it does not follow that such conviction was void, an absolute nullity, and not to be taken here as a former conviction. There is a distinction between void and erroneous; and the general rule is undoubted, that where the court has jurisdiction of the subject matter and of the person, its judgment in the case will not be void, although it may be erroneous, and that in a collateral proceeding the validity of the judgment can not be called in question.   In the application of the rule to the precise kind of case which is here presented, what of authority we have met with is not entirely harmonious.   Thus in *Windsor* v. *McVeigh*, 93 U. S. 274, in the opinion by a divided court, by way of illustration of the argument that a judgment may be void notwithstanding general jurisdiction of the subject, in citation of instances it is said : "So a departure from established modes of procedure will often render the judgment void.   Thus the sentence of a person charged with felony, upon conviction by the court without the intervention of a jury, would be invalid for any purpose," no authority being cited.   In *Commonwealth* v. *Dailey*, 12 Cush. 84, in sustaining a verdict of guilty rendered in a case of misdemeanor, where the defendant had consented to a trial by eleven jurors, which was made a ground of exception, it was said, "as it did not affect

the jurisdiction of the court, the exception was one that the accused might waive." So in the recent case of *Lowry* v. *Howard*, decided by the Supreme Court of Indiana, 103 Ind. 440, where, upon a plea of guilty to an indictment for murder, the court fixed the punishment at imprisonment in the State's prison for life, and so sentenced the prisoner, when, under the law, a jury should have assessed the punishment to suffer the penalty of death, or be imprisoned in the State's prison for life, it was held that the judgment of the court was erroneous, but that it was not void. And in *Ex parte Bond*, 9 S. C. 80, where a prisoner was convicted of assault with intent to kill, and sentenced to confinement in the penitentiary, when the offence was not punishable by confinement in the penitentiary, it was held that the sentence was not void, but only erroneous. In *Ex parte Watkins*, 3 Pet. 193, Chief Justice MARSHALL said : "An imprisonment under a judgment can not be unlawful unless that judgment be an absolute nullity, and it is not a nullity if the court has general jurisdiction of the subject, although it should be erroneous." In *Windsor* v. *McVeigh, supra*, it was said the general doctrine upon this subject is only correct when the court proceeds, after acquiring jurisdiction of the cause, according to the established modes governing the class to which the case belongs, and does not transcend, in the extent or character of its judgment, the law which is applicable to it. It was further said that the more correct statement of the doctrine was in *Cornett* v. *Williams*, 20 Wall. 250, that "the jurisdiction having attached in the case, everything done *within the power of that jurisdiction*, when collaterally questioned, is held conclusive of the rights of the parties, unless impeached for fraud."

The power to hear and determine a cause is jurisdiction. It is *coram judice* whenever a case is presented which brings this power into action. (*United States* v. *Arredondo*, 6 Pet. 709; *Bush* v. *Hanson*, 70 Ill. 482.) · In the case here of the former conviction, there was undoubted jurisdiction both

of the subject matter and person. The court had power to proceed to hear and determine. The judgment was not such an one as the court had no power, under any circumstances or upon any state of facts, to pronounce in such a case, but it was one within the power of the jurisdiction which had attached. (See *People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 570.) If there had been a finding of guilty and of the punishment by a jury, or if there had been a plea of guilty by the prisoner, in either such case the judgment would have been right. If the judgment be wrong, it is because it was rendered upon the court's finding the guilt and fixing the punishment,—so that the correctness of the judgment depended upon the particular state of facts which was presented in the progress of the hearing and determination of a case of which the court had jurisdiction. The error was one in the exercise of jurisdiction, and not from want of jurisdiction. The only suggestion of ground there can be for holding the judgment void, and not erroneous, merely, is that there was a departure from the established mode of procedure. Almost any deviation from law might be regarded a departure from the established mode of procedure. To admit such a ground of holding a judgment void, would, as it seems to us, in a great measure break down and make uncertain the well established distinction in regard to the validity of judgments, when collaterally questioned, between being void for want of jurisdiction, or erroneous, merely, in the exercise of jurisdiction.

In Cooley's Const. Lim. (5th ed.) 504, 505, it is laid down: "It is a general rule that irregularities in the course of judicial proceedings do not render them void. An irregularity may be defined as the failure to observe that particular course of proceeding which, conformably with the practice of the court, ought to have been observed in the case." And on page 507: "In any case, we suppose a failure to award a jury on proper demand would be an irregularity, merely, rendering the proceedings liable to reversal, but not making them void."

We are of opinion the former conviction here should be adjudged to be no more than erroneous, and not to be an absolute nullity,—and especially so, under the circumstances of this case, where the defendant accepted the sentence of the court, and suffered it to be carried into execution, by undergoing the punishment. The court had fixed the minimum punishment for robbery, one year in the penitentiary,—the maximum being fourteen years. The defendant may have deemed it for his interest to abide by the sentence of the court, rather than to have it set aside and he be exposed to the peril of having a greater punishment affixed by a jury. The judgment having been acquiesced in, and full execution had of it, we do not see how it can be looked upon as a nullity. It must be held to be for the defendant an acquittance from the crime. Upon another indictment for the same offense he might plead the former conviction in bar; and if in favor of the prisoner, the former conviction would not be held a nullity, neither as against him, should it be so held.

Perceiving no error in the record, the judgment will be affirmed.

*Judgment affirmed.*