## No. 10,920.

### MARCHI v. THE PEOPLE.

Decided April 7, 1924.

Plaintiff in error was convicted of a second violation of the prohibition act.

*Affirmed.*

### On Application for Supersedeas.

1. APPEAL AND ERROR—*Verdict.* A verdict based on conflicting evidence, is conclusive on review.

2. CRIMINAL LAW—*Prohibition Act—Second Violation.* In the trial of a defendant for a second violation of the prohibition act,

mere errors in the trial resulting in the first conviction, are ineffectual to prevent the operation of the statute.

3.     *Judgment—Collateral Attack.* If the court has jurisdiction and the defendant voluntarily acquiesces in its conduct and submits to its judgment, he will not be heard to deny the validity thereof when that judgment is invoked to establish a second offense.

4.   APPEAL AND ERROR—*Harmless Error—Instructions.* A judgment will not be reversed for error in an instruction which is without prejudice to the complaining party.

5.   CRIMINAL LAW—*Plea of Guilty.* If a defendant intends to, and does plead guilty to a criminal charge, it is immaterial what influence induced the plea.

6.     *Instructions—Prohibition Act—Second Conviction.* In a prosecution for a second violation of the prohibition act, an instruction which in effect tells the jury that "if a defendant voluntarily entered a plea of guilty you should assume, for the purposes of this trial, that he was guilty," correctly states the law.

*Error to the District Court of Chaffee County, Hon. James L. Cooper, Judge.*

Mr. JOHN A. MARTIN, Mr. G. K. HARTENSTEIN, for plaintiff in error.

Mr. WAYNE C. WILLIAMS, Attorney General, Mr. CHARLES ROACH, Deputy, for the people.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error (hereinafter referred to as defendant) was charged with a violation of the liquor law on December 15, 1923. The information also recited that a violation of that law on February 22, 1922, had heretofore been charged against him, that he had entered a plea of guilty thereto, and based thereon a fine had been imposed and paid. Under the statute in question a second violation thereof constitutes a felony. Sec. 3722, C. L. 1921. At the beginning of the trial defendant admitted in open court

that he had violated the law on December 15, 1923, but denied the former conviction. Trial was limited to that issue. The jury found him guilty as charged and further "that this is a second offense." He was thereupon sentenced to from one to two years in the penitentiary and to review that judgment he brings error and asks that the writ be made a supersedeas.

Defendant contends that he did not plead guilty to the first charge, but that if he did so the plea was not voluntary. On these points the evidence is conflicting. It was submitted to the jury under proper instructions and the verdict is conclusive. The essentials of the first charge, plea and judgment, were evidenced by the docket of the justice of the peace before whom the proceedings were had, and these were corroborated by the testimony of the justice himself.

It is further urged that defendant, in the former case, was unreasonably forced to trial and was not cautioned by the court as to the effect of his plea. The record, however, shows that the cause was properly set and that defendant, irrespective of anything the court may have said, well knew the effect of his plea. Were it otherwise these would be mere errors and ineffectual to prevent the operation of the statute. *Lakomy v. People,* 66 Colo. 19, 21, 178 Pac. 571.

If the court has jurisdiction and the defendant voluntarily acquiesces in its conduct and submits to its judgment, he will not be heard to deny the validity thereof when that judgment is invoked to establish a second offense. *Kelly v. People,* 115 Ill. 583, 588, 4 N. E. 644, 56 Am. Rep. 184.

The only other alleged error worthy of notice is based upon that portion of the court's instruction No. 4 which reads: "But if you are satisfied from the evidence beyond a reasonable doubt that the defendant intended to plead guilty, and in fact did voluntarily plead guilty, and that he did so plead guilty because he was in fact guilty, then he was duly convicted of a first offense as charged, and it

would be immaterial what influences, if any, may have induced him to confess his guilt and enter a plea of guilty instead of standing trial and seeking. to avoid the consequences of his guilt."

The first objection to this instruction goes to the words, "and that he did so plead guilty because he was in fact guilty." So much of the instruction was, doubtless, error, but error without prejudice. It required the jury to find more than was necessary to convict. The second objection goes to the words, "and it would be immaterial what influences, if any, may have induced him to confess his guilt." This objection has no merit. If defendant "intended to plead guilty, and in fact did voluntarily plead guilty" it is, of course, wholly immaterial what influence induced the plea. The third objection goes to the words, "and enter a plea of guilty instead of standing trial and seeking to avoid the consequences of his guilt." It is said that this was equivalent to telling the jury that defendant, in the first case, was guilty. Possibly so if read alone. But the whole portion of the instruction first above quoted is a single sentence. Read as a whole it is a simple statement that "if defendant voluntarily entered a plea of guilty you should assume, for the purposes of this trial, that he was guilty." Such is the law.

Finding no prejudicial error in this record the supersedeas is denied and the judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE ALLEN concur.