[Crim. No. 1478. Second Appellate District, Division One.—October 15, 1927.]

THE PEOPLE, Appellant, v. TENA B. WASHINGTON, Respondent.

134

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, George H. Johnson, District Attorney, and C. O. Thompson, Chief Deputy District Attorney, for Appellant.

Trent Penland and Frank T. Bates for Respondent.

YORK, J.—The People are appealing not from the judgment of this case, but only from the order of the court granting the defendant a new trial.

A careful perusal of the evidence shows, even from the cold record, several reasons why the order granting a new trial was made. Conflicts in the evidence appear, even conflicts in statements of a witness on direct and cross-examination, and the evidence casts doubt as to the sobriety of a witness at the time of the happening of the incidents to which he was testifying. ▮ Where conflicts are disclosed by the record we will not disturb the order of the trial court, as the trial court had before it at the time of the hearing the witnesses themselves and was in better position to pass upon the questions involved on the motion for a new trial than this court could possibly be.

As to the difference between the rule laid down for the trial court in acting on a motion for a new trial and the rule on appeals from such orders, the question is very clearly discussed in the opinion and the citations therein contained in the case of *People* v. *White,* 85 Cal. App. 241 [259 Pac. 76].

In *People* v. *Canfield,* 173 Cal. 309 [159 Pac. 1046], cited in the foregoing case, the court states: "The judge who presided at the trial of the cause, who heard the testimony, who observed the jurors and had an opportunity also of testing the truth of the defendant's statements by noticing his de-

meanor, was in a peculiarly favorable position for determining justly the question whether or not the defendant had been accorded a fair trial. . . . We can hardly manufacture in fancy a hypothetical situation in which a *reviewing court* would be *justified in questioning* the discretion of a trial court *who should grant a new trial in a case involving a criminal charge.*'' (Italics ours.)

The case at bar was tried before two different judges, Honorable Charles L. Allison and Honorable Benjamin F. Warmer, both judges of the superior court of San Bernardino County. However, a considerable portion of the evidence was heard in the presence of Judge Warmer, and the motion for a new trial was granted by Judge Warmer. This fact is the principal difference between the case at bar and the case of *People* v. *Canfield, supra.*

We may assume that the acquittal of the defendant on the charge that she did wilfully and unlawfully sell intoxicating liquor, etc., was not necessarily an acquittal on the second cause of action, that of maintaining a common nuisance. But an inspection of the record discloses the apparent fact that the jury, in order to have found defendant not guilty of the sale charge, must have disbelieved the principal witness for the state, even though he was strongly corroborated by other witnesses as to some facts. If they did so disbelieve, there remained no basis for a verdict of guilty on the second count.

The order granting a new trial is affirmed.

Conrey, P. J., and Houser, J., concurred.