## CHASE v. ENDSLEY *et al.*

1. A suit for the equitable relief of injunction against a continuing trespass is not such a suit respecting title to land as must be brought in the county where the land lies. The proper venue of such a case is the county of the residence of a defendant against whom substantial relief is prayed. Applying this principle in the light of the facts alleged in the petition, the general demurrer filed by the defendants against whom the suit was originally brought should have been overruled.

2. Under the facts alleged in an amendment to the petition, the vendor of the land upon which it was alleged the trespass was being committed was properly added to the suit as a party defendant, in view of the fact, that both the plaintiff and the defendants in the original suit claimed title to the land in question through this vendor; and the vendor was suing the plaintiff upon purchase-money notes, but was contending that the lots of land upon which the alleged trespass was being committed were included in the bond for title given to the plaintiff by mistake, and that the consideration of the purchase-money notes was for a tract of land which did not include the two particular lots in controversy.

No. 5868.   DECEMBER 13, 1927.

Petition for injunction. Before Judge Pomeroy. Fulton superior court. January 14, 1927.

Mrs. Cora Frances Chase brought her petition against George M. Endsley and Mrs. Inez Endsley, residents of Fulton County, and alleged, in substance, that petitioner, on June 30, 1925, pur-

---

Injunctions, 32 C. J. p. 292, n. 69; p. 293, n. 87, 90.
Venue, 40 Cyc. p. 73, n. 12; p. 96, n. 79.

chased 51 acres of land from Mrs. Maggie L. Heery, received a bond for title, and thereupon went into possession and "has been in possession continuously from that date until the present date;" that subsequently the defendants entered upon the property "as trespassers, and began the erection of a house on said property, and are still undertaking to carry on the work of erecting the house;" that petitioner made her protest against the alleged trespass, but defendants continued to erect the house; that the defendants claimed that they had bought the property from Mrs. Heery and held a deed to it; that this claim is untrue, as they have no valid deed to the property. Insolvency of the defendants is alleged, as well as irreparable damage. The prayers were that the defendants be enjoined from further trespassing upon the property, from entering upon it, and from continuing the erection of the house. A temporary restraining order was granted. To this petition the defendants filed their plea to the jurisdiction, contending that the land in question is situated in the County of DeKalb, and that the superior court of DeKalb County has jurisdiction over suits respecting titles to land in that county, and not the superior court of Fulton County. Defendants filed also general and special demurrers, one ground of which was that the petition does not show in what manner the plaintiff went into possession. Defendants filed also their answer positively verified, from which it appears that they purchased the property in question and received bond for title on June 29, 1925, from Mrs. Heery; that they received a warranty deed from Mrs. Heery on August 11, 1925, and began the erection of improvements in good faith on or about April 7, 1926; that at no time did plaintiff make any complaint that defendants were trespassing, or that the property was hers, until defendants were in possession and erecting a garage; etc.

On interlocutory hearing it appeared that the plaintiff's bond for title was filed for record on July 13, 1925, and that the defendants' bond for title was filed for record on July 3, 1925. The restraining order was dissolved. The plaintiff filed an amendment alleging that since the filing of her petition she had found that the defendants hold a deed from Mrs. Maggie L. Heery, a resident of Gilmer County, conveying the land in question, which deed is a cloud on her title, and is inoperative as against her, because at

the time it was executed and delivered the defendants knew that plaintiff had purchased the property and was in possession. She prayed that Mrs. Heery be made a party defendant; and that the deed from her to defendants be canceled. Mrs. Heery appeared and filed, beside general and special demurrers, an answer alleging that her bond for title and deed were made in good faith, and were valid and effective; and that she did execute a bond for title to petitioner, but that the inclusion of the lots of land in controversy was by mistake. Defendants also demurred upon the ground that the facts set forth in the plaintiff's amendment were not sufficient to authorize cancellation of the deed.

The plaintiff again amended by alleging the giving of notes for the purchase-money of the property, and the bringing of suit by the holder of the notes in the city court of Decatur; and she prayed that this suit be enjoined until her equitable suit be determined in the superior court of Fulton County. She offered to do equity. The court sustained the general demurrer, refused an injunction, and dismissed the action.

*B. L. Milling* and *Chambers & Dickey,* for plaintiff.

*W. W. Gaines, Augustine Sams,* and *C. H. Feagan,* for defendants.

BECK, P. J. (After stating the foregoing facts.) This case was dismissed upon demurrers filed by Mr. and Mrs. Endsley and by Mrs. Heery. If the suit as originally brought is a case "respecting titles to land," it should have been brought and tried in the County of DeKalb, where the land lies. But we think that it is essentially an action to enjoin a continuing trespass. Of course the title to the land is incidentally involved, as has been ruled in several cases decided by this court; but the fact that the title is thus incidentally involved does not render it a case "respecting titles to land." In *Huxford* v. *Southern Pine Co.,* 124 *Ga.* 181, 188 (52 S. E. 439), it was said: "If the purpose of the suit were to recover possession of the land, of course the superior court of Coffee County [where the land was not located] would have no jurisdiction. Such was not the object to be attained by the judgment prayed. It was simply to restrain the defendant from doing acts prejudicial to the rights of the plaintiffs, one of whom claimed to be the owner of the land. The title to the property was incidentally and collaterally involved, but it was not such a suit respecting

title to land as under the constitution is required to be brought in the county where the land lies. It was incumbent upon the plaintiffs to show that they had such an interest in the property as a court of equity would protect, and .they showed this interest by showing a complete chain of title." And in *Powell* v. *Cheshire,* 70 *Ga.* 357 (48 Am. R. 572), it was held: "A bill in equity to enjoin a trespass upon realty by felling timber, is not such a suit respecting the title to land as must be brought in the county where the land lies. The proper venue of such a case is the county of the residence of a defendant against whom substantial relief is -prayed." We think, therefore, that inasmuch as the petition shows a continuing trespass, and that petitioner had such an interest in the property (under the allegations which are to be taken as true upon demurrer) as a court of equity would protect, and a right to a conveyance of the property in accordance with the terms of the bond for title, the court should have retained the case for hearing upon the issues made by the petition and the answers. We think also that the court properly made Mrs. Heery, the vendor of the land, a party to the proceedings. When the question as to whether the two lots of land in question were included in the land sold to Mrs. Chase, or were included by mistake as contended by Mrs. Heery, is determined, then the question as to how much of the purchase-money Mrs. Chase must pay can be determined, and it can be determined in this suit. As the matters stood at the time Mrs. Heery filed her suit in the city court of Decatur to recover judgment upon the purchase-money notes, Mrs. Chase, according to her allegations, would be placed in a position where she could inadequately urge a defense to these notes; for the question as to whether or not the two lots in controversy had been sold to her by Mrs. Heery will be undetermined. All these questions can be determined in the one equitable suit. And the court having erred in dismissing the case upon general demurrer, the further proceedings were nugatory. Of course this court is not passing upon the merits of the special demurrers. The lower court disposed of the entire case upon the general demurrers. Upon a rehearing, the special demurrers can be there disposed of.        *Judgment reversed. All the Justices concur.*