[Crim. No. 1807.   Second Appellate District, Division One.—August 20, 1929.]

THE   PEOPLE,   Appellant,   v.   GEORGE   WILSON, Respondent.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, George H. Johnson, District Attorney, and

398

Wardwell D. Evans, Deputy District Attorney, for Appellant.

Albert E. Weiler and Fred Duffy for Respondent.

HAHN, J., *pro tem.*—Defendant George Wilson was charged by an information filed by the district attorney of San Bernardino County, in each of two counts, with the crime of burglary. To count one he plead guilty, and in due course sentence was passed upon him, committing him to San Quentin. The other count was dismissed on motion of the district attorney.

Before the defendant was removed to the penitentiary in execution of his sentence the district attorney learned that he had several prior convictions to his credit and thereupon filed a supplemental information under the provisions of section 969a of the Penal Code, charging in separate counts four prior convictions of felonies.

The first charged that the defendant was convicted of first degree burglary in Tulare County, California, in 1914 under the name of Frank Clark and was committed to the state penitentiary at San Quentin for the period of one year. In the second count the defendant was charged with having been convicted of burglary in the second degree in Yuba County, California, in 1919 under the name of William Henry Duncan, and that he was duly sentenced to five years in San Quentin. The third count was dismissed on motion of the district attorney and requires no comment here. The fourth count charged that the defendant was convicted in the Second Judicial District Court of the State of Nevada, in and for the County of Washoe in 1926, under the name of Will Duncan, of the crime of attempted burglary in the second degree, and in due course was sentenced to the Nevada state prison.

The defendant made specific denial as to the truth of each of the alleged convictions set forth in the several counts.

Upon the trial of the case the district attorney offered in evidence a certified copy of the commitment issued out of the Superior Court in and for the County of Tulare. This commitment recited the fact that one Frank Clark plead guilty to the charge of burglary, and it was adjudged and decreed that the defendant Frank Clark be punished by

imprisonment in the state prison at San Quentin for one year. There is no recital in the commitment as to the degree of burglary.

In support of the allegations set forth in count two, charging a prior conviction of felony in Yuba County, California, the district attorney introduced a certified copy of the commitment issued from the Superior Court in and for Yuba County, reciting the plea of guilty to the charge of burglary on the part of defendant William Henry Duncan, the degree being therein fixed as second degree burglary.

One J. H. Carpenter, a witness produced by the prosecution, testified that he was and had been for a number of years past captain of the guard at San Quentin prison; that he recognized the defendant George Wilson to be the same person who entered San Quentin in 1914 under the name of Frank Clark, having been committed from Tulare County, and also the same person who, under the name of William Henry Duncan, served a term in San Quentin beginning in 1919, having been committed from Yuba County.

As to the fourth count the district attorney offered what purported to be the original commitment issued from the Second Judicial District Court of the State of Nevada, in and for the County of Washoe, which recited a plea of guilty by the defendant Will Duncan to the charge of attempted burglary in the second degree. Attached to the commitment was a certified copy of the judgment of the court committing the defendant to the penitentiary. In addition, one Harlan L. Heward testified that he was an assistant district attorney of the county of Washoe, Nevada; that the document which was put in evidence was obtained by him from the clerk of the Second Judicial District Court of that state, and that said document was the original commitment issued in that case; that he had filed the original information charging the defendant Will Duncan with the crime of burglary and that the defendant in that case plead guilty to attempted burglary in the second degree, and that the said defendant was committed to the state prison in Nevada, as indicated in the document offered as the original commitment. Heward further testified that defendant George Wilson was the same person against whom he had filed the information referred to, and who plead guilty in the Second

Judicial District Court in Nevada, and who was committed to the penitentiary, pursuant to said plea of guilty.

The jury returned its verdict, finding each of the three charges of prior conviction to be true.

In due course, defendant filed his motion for a new trial. The record indicates that in presenting this motion the defendant urged but two points of error: First, that the court erred in its ruling in admitting in evidence the certified copy of the commitment, issued out of the Superior Court in and for the County of Tulare, for the reason that the commitment does not declare whether the burglary was fixed as first or second degree burglary; and, secondly, that the court erred in its ruling in admitting the alleged original commitment from the state of Nevada, in that the only method provided by the laws of California for making proof of a judicial act of the court of a sister state is by a certified copy of such commitment, certified as provided in section 1905 of the Code of Civil Procedure.

The record further discloses that the court, at the time of its ruling on the motion for a new trial, discussed only the merits of appellant's contention regarding the admission in evidence of the original commitment from Nevada. However, the record would seem to indicate that the court granted a new trial as to all three of the counts of prior conviction of felonies, from which ruling the district attorney prosecutes this appeal.

Counsel for respondent in his brief contents himself with a mere statement that the commitment issued by the Superior Court of Tulare County was void for the reason that the decree of burglary was not found. No authorities are submitted by him in support of this contention.

Section 459 of the Penal Code specifies the acts that constitute the crime of burglary. Following in sections 460 and 461 are provisions for the classification of the acts constituting burglary and specifying the minimum and maximum periods of incarceration applicable to the several classes or degrees of burglary. A consideration of these sections of the code would seem to indicate that there is but one crime denounced—that of burglary. The purpose of the legislature in providing these degrees of the crime was undoubtedly to better enable the assessing of a more severe punishment for those cases of burglary, which are deemed

particularly aggravating, and a lesser punishment for those cases which do not indicate a wholly abandoned heart on the part of the culprit. Section 1192 of the Penal Code reads as follows: ''Upon a plea of guilty of a crime distinguished or divided into degrees, the court must, before passing sentence, determine the degree.''

Unquestionably the commitment is defective in that it does not recite the degree of burglary found, and assuming that the judgment is likewise defective, it does not follow that either or both are void. In fact, it has been decided in this state that a defect of this character may be corrected by the court on its own motion or on demand of the defendant, and thereupon the judgment would be enforced. (*People* v. *Jefferson*, 52 Cal. 452; *People* v. *Paraskevopolis*, 42 Cal. App. 325 [183 Pac. 585].)

That the defendant in the Tulare case, whether he was George Wilson or some other person, had the right to waive the defect and serve his term of incarceration, as provided in the commitment, cannot be questioned, and in the absence of anything in the record, it will be presumed that the defect was waived.

The court unquestionably had jurisdiction of the defendant and of the crime with which he was charged, and any error or fault in the judgment or commitment did not render the judgment void.

We are satisfied that the court did not commit error in admitting in evidence the certified copy of the commitment from Tulare County. (*Marchi* v. *People*, 75 Colo. 254 [224 Pac. 1053]; *Kelly* v. *People*, 115 Ill. 583 [56 Am. Rep. 184, 4 N. E. 644].)

In support of the second point urged by appellant relating to the admission in evidence of the alleged original commitment from the state of Nevada, it is contended that the document was properly admitted in evidence under subdivision 7, section 1918, of the Code of Civil Procedure, while respondent urges that the only method provided for proving one's conviction of a felony in another state is by a certified copy of the judgment or record thereof, as provided by section 1905 of the Code of Civil Procedure.

Assuming, but not deciding, that the record of a person's conviction of a felony in another state may be proven by the introduction of the original judgment or commitment, such

document must necessarily be identified by the officer or person who is the legal custodian of such original document. The witness, Heward, who presented the controverted document, stated that he had received it from the county clerk of Washoe County, who told him that it was the original commitment. Clearly the witness' testimony was hearsay and the document in question was not sufficiently identified to entitle it to be admitted in evidence. If a document is offered as the original judgment or commitment from a court of another state, it must come from the hands of one, who by law is entrusted with the keeping of the document in question, for it is only by reason of the knowledge and position of the custodian that the law attributes verity to the document and his testimony identifying it.

Respondent further urges that irrespective of the determination of the question as to the competency of the documents introduced in evidence, the court's order granting a new trial must be sustained, because there was a sharp conflict in the testimony as to whether or not the defendant George Wilson is the same person who was convicted of burglary in Tulare County under the name of Frank Clark, and who was convicted in Yuba County of the crime of burglary under the name of William Henry Duncan, and who was convicted in Nevada of the crime of attempted burglary under the name of Will Duncan. The only testimony in the record identifying the defendant Wilson as the same person convicted in Tulare County under the name of Frank Clark and in Yuba County under the name of William Henry Duncan is that of J. H. Carpenter, who testified that he was captain of the guard at San Quentin and identified the defendant as the same person incarcerated in San Quentin prison under the name of Frank Clark and later under the name of Duncan. The only testimony identifying the defendant Wilson with the person convicted in Nevada, under the name of Will Duncan, was that of the deputy district attorney, Heward, who identified the defendant as the same person. The defendant Wilson in his own behalf denied that he was ever convicted of the crime of burglary in Tulare County or of the crime of burglary in Yuba County, and stated that he had never been incarcerated in San Quentin prison. He likewise denied that he was convicted of the crime of attempted burglary in Washoe

County, Nevada, and denied that he had ever been incarcerated in the state prison in Nevada. The question of identification being a material one, and one upon which there was a conflict of evidence, it is within the discretionary powers of the court to grant a new trial. (*People* v. *Canfield*, 173 Cal. 309 [159 Pac. 1046] ; *People* v. *Petros*, 25 Cal. App. 236 [143 Pac. 246] ; *People* v. *Washington*, 86 Cal. App. 133 [260 Pac. 806].) As has been repeatedly held in this state, the court's action in granting a new trial will not be disturbed on appeal, where there is a conflict of evidence upon a material issue, unless it can be said that a verdict in favor of the moving party would not have found sufficient legal support in such evidence. (*Tweedale* v. *Barnett*, 172 Cal. 271 [156 Pac. 483] ; *Empire Investment Co.* v. *Mort*, 169 Cal. 732 [147 Pac. 960].) Inasmuch as it cannot be said from the record that there was not sufficient evidence to support the defendant's contention that he was not the same person who was convicted in Tulare County and Yuba County, California, and in Washoe County, Nevada, this court cannot say that error was committed by the trial court in granting a new trial.

The order granting a new trial is affirmed.

Houser, J., Acting P. J., and York, J., concurred.