FLOYD COUNTY *v.* NICHOLS *et al.;*
NICHOLS *v.* FLOYD COUNTY *et al.*

Nos. 15642, 15660. November 14, 1946.

*James Maddox,* for Floyd County.

*Graham Wright,* for Nichols, and *Matthews, Owens & Maddox,* for Walden.

WYATT, Justice. ■ In this case the answer of the county by way of cross-bill sought a judgment against Nichols for amounts alleged to have been improperly collected by him. We have held in case No. 15641 that the facts pleaded could be urged as a defense to the mandamus proceeding, but could not be the basis of a judgment against Nichols in the mandamus proceeding. All questions raised by the main bill of exceptions in this case are controlled by the ruling made in *Walden* v. *Nichols,* ante 568.

■ The only question raised by the cross-bill of exceptions is whether or not Floyd County was a proper party to intervene in the mandamus proceeding. It is earnestly insisted that the county can not intervene in this proceeding, because of language used in *Lamb* v. *Toomer,* 91 *Ga.* 621 (17 S. E. 966). The court there said: "The act of October 12, 1885, 'to fix the pay of official stenographic reporters,' declares that these officers shall be paid for their services in 'taking down the testimony in the trial of such criminal cases as are required by law to be reported,' on the certificate and order of the judge of the superior court. County authorities, such as boards of commissioners of roads and revenues, have neither the right nor the power to audit, order paid, or otherwise act upon orders thus granted. Consequently, the writ of mandamus does

not lie to compel them to do any of these things." When this language was used the question before the court was whether a court reporter should proceed by mandamus against the board of commissioners or the treasurer, and the ruling of the court was that, since the act sought to be performed could be performed by no one other than the county treasurer, he was the only person against whom the mandamus could be brought. We do not think that the ruling there made can be construed to mean that a county can not intervene in a mandamus proceeding brought against the treasurer to enforce what the county contends to be an unfounded or unjust claim against the funds belonging to the county.

*Clarke* v. *Wheatley,* 113 Ga. 1074 (39 S. E. 437), is cited. The court there said.: "It is not the right of a stranger to a pending cause to intervene therein, unless it is necessary to his protection that · he be allowed to become a party to the litigation and thus afforded an opportunity to resist the rendition of a judgment which would ·operate to his prejudice." If the contention of the county in this case is true, can it be said that it is not "necessary to [its] protection that [it] be allowed to become a party to the litigation and thus afforded an opportunity to resist the rendition of a judgment which would operate to [its] prejudice?" We think not. Whatever judgment is rendered must be paid out of county funds. There is a vast difference between saying that a county can not be made defendant in a mandamus proceeding, and saying that it can not intervene in order·to protect the interest of the county in a mandamus proceeding which has been properly brought against the county treasurer. We think that the county can intervene.

*Judgment affirmed in part, and reversed in part on the main bill of exceptions; affirmed on the cross-bill. All the Justices concur, except Duckworth, J., who dissents.*