WALDEN, Treasurer, *v.* SMITH *et al.*
FLOYD COUNTY *v.* SMITH *et al.*

JENKINS, Chief Justice. 1. *"Except where otherwise provided by law,* each ordinary [and the same rule applies to county commissioners where commissioners instead of the ordinary have control of county affairs] shall audit all claims against his respective county, and every claim, or such part as may be allowed, must be registered, and he or his clerk must give the claimant an order on the treasurer for the same, and in the order he shall specifically designate upon what particular fund such order is drawn and out of which payment is to be made." Code, § 23-1601. (Italics ours.)

2. "Any contingent expenses incurred in holding any session of the superior court, including lights, fuel, stationery, rent, publication of grand-jury presentments when ordered published, and similar items, such as taking down testimony in cases of felony, etc., shall be paid out of the county treasury of such county, upon the certificate of the judge of the superior court, *and without further order."* Code, § 24-3005. (Italics ours.)

3. The provision of the Code with respect to the payment of court reporters in felony cases and the limitation as to the amount of such compensation, imposed upon the authority of the superior court judge in such cases, are contained in the Code § 24-3104, which is as follows: "The compensation of the reporter or stenographic reporter, for taking down testimony in the trial of such criminal cases as are required by law to be recorded shall be $15 per day, which sum shall be paid by the county treasurer, or other officer having charge of the county funds of the county wherein such criminal cases shall be tried, on the certificate and order of the judge as to the number of days he has been employed, but not exceeding $2500 shall be paid in any one year for work done in that year out of the funds of any one county."

4. This court in *Walden v. Nichols,* 201 *Ga.* 568 (40 S. E. 2d, 644), and *Floyd County v. Nichols,* 201 *Ga.* 575 (40 S. E. 2d, 648), in effect held, construing the cases together, that an order of the superior court judge approving a bill for reporter's services in excess of the $2500 limitation

was not conclusive, but was illegal as a matter of law; and further ruled that the treasurer of a county against whom a mandamus proceeding was brought by a court reporter to enforce the payment of such a claim, in excess of the statutory limitation, could set off in that proceeding previous amounts paid by the court in excess of $2500, and that in such a proceeding the county itself might intervene for the purpose of protecting the rights of the county in the issues thus involved. Assuming the correctness of this decision, the rule as thus announced will not be extended so as to cover the facts of the instant case. We do not construe the rulings in the cases just cited to mean that the provisions of the Code, § 24-3005, as above quoted, do not expressly and in terms recognize that the judges of the superior courts of this State have the inherent power and authority to incur and order paid, without further order, all contingent expenses, including the compensation of court reporters. While the cases cited do hold that an approved bill was not conclusive as to items of expense expressly forbidden by the statute authorizing the incurring and approval by the judge of the superior court of contingent expenses of his court, they did not in effect nullify the provisions of the Code, § 24-3005, by holding that either the treasurer or the county commissioners could supervise, challenge, and contest the correctness of the several different items of contingent expenses thus incurred in the holding of such courts, where the objection taken is, not that the items are such as the law prohibits, but in the opinion of the county authorities are excessive in that the employment was not had or that the work was not performed, or that the county did not get value received for the amount claimed to be due because the reporter should have accomplished a greater amount of work in each day, so as to result in a diminution in the total number of days for which compensation is claimed.

5. Under the foregoing rulings, and since the attack sought to be made upon the approved bill for reporter's services is not on the ground that the bill shows on its face that the amount exceeded the limitation authorized by law, it is not such an attack as would be permitted under the decisions cited; but is such an attack as runs counter to the express authority given superior court judges by the Code, § 24-3005; and the trial court did not err in refusing to permit the county to intervene for the purposes sought, nor did it err in entering an order making absolute the mandamus nisi. While it appears from the particulars attached to the bill rendered and from the testimony of the reporter bringing the mandamus proceeding to enforce payment, that he, the reporter, was assisted by his wife as a stenographer in transcribing the evidence taken down, at the trials, by the reporter with a stenotype machine, the form was necessarily approved by the reporter as and when presented by him to the court as his report of the testimony. The judge appears to have included in his approval of compensation certain work thus done by the person assisting the reporter, and in doing so his order became a judgment by a court of competent jurisdiction, and not being void on its face, cannot be collaterally attacked. See 23 Words and Phrases, p. 156, citing the Indiana case of Etzold v. Board of Com'rs of Huntington County (Ind. App.), 141 N. E. 617, holding that just such an approval by the judge is a judg-

ment of court and not subject to collateral attack. Whether such a question could be properly raised and an attack made on the judgment in the instant case by a motion to vacate or modify the order of the judge is not a question which is presented by the record before us, but see, in this connection, 44 Words and Phrases, p. 364, citing Kelly *v.* People, 115 Ill. 583, 590 (4 N. E. 644, 56 Am. R. 184), in which it was said: "There is a distinction between 'void' and 'erroneous,' as used with reference to acts from a judicial body, the general rule being that, where the body has jurisdiction of the subject-matter and of the person affected, its judgment in the case will not be void, though it may be erroneous. If the judgment is merely erroneous, it can be attacked, and the error corrected only by appeal or by a direct proceeding to set it aside, while, if it be absolutely void, it is a nullity from the beginning, and may be treated as such without further proceedings to have such nullity judicially declared."

*Judgment affirmed in both cases. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

Nos. 16039, 16040. DECEMBER 1, 1947. REHEARING DENIED DECEMBER 16, 1947.

*Matthews, Owens & Maddox,* for Walden.
*Maddox & Maddox,* for Floyd County.
*Graham Wright* and *Leon Covington,* for Smith.