## 31899. NICHOLS *v.* FLOYD COUNTY.

DECIDED MARCH 18, 1948. RDHEARING DENIED MARCH 31, 1948.

*Graham Wright, Leon Covington,* for plaintiff in error.
*James Maddox, Maddox & Maddox, H. J. Fullbright,* contra.

GARDNER, J. 1. The subject-matter of the instant case has been the basis of three cases before the Supreme Court: *Walden v. Nichols,* 201 *Ga.* 568 (40 S. E. 2d, 644); *Floyd County v. Nichols,* 201 *Ga.* 575 (40 S. E. 2d, 648); *Walden v. Smith,* 203 *Ga.* 207 (45 S. E. 2d, 660). It will be observed by reference to those cases that the subject-matter in those cases and in the instant case brings into question compensation of the Court Reporter of the Superior Court of Floyd County. So far as the instant case is concerned, Floyd County brought a petition to recover from this court reporter several thousand dollars, as alleged overcharges. The petition reveals that the Judge of the Superior Court of Floyd County certified to the charges, which were contained in orders presented by the court reporter, and the amounts were paid to the court reporter by Floyd County. The instant case was brought in the City Court of Floyd County in two counts to recover from the court reporter these alleged overcharges. There were filed on behalf of the court reporter general and special demurrers to each of the counts. After the filing of these demurrers, the county filed an amendment purporting to meet the special demurrers and set forth specifically the items alleged to be overcharges. In the amendment, a new count, known as the third count, was added. This count went more specifically

into the items of the alleged overcharges. The bill of exceptions recites: "On December 1, 1947, plaintiff filed and there was allowed by the court an amendment to its original petition, and the original general and special demurrers were insisted upon to the petition as amended. The court thereupon entered an order in words and figures as follows, to wit: 'The plaintiff having amended its petition, the within demurrer is overruled. This December 1, 1947. [Signed] James F. Kelly, J.C.C.R.[F.]C.'"

It will thus be seen that the only question for this court to determine here is whether the court erred in overruling the general demurrers to the petition as amended. We think that it did. It is quite interesting to study the last opinion of the Supreme Court, in which that court deals with the previous decisions of the Supreme Court concerning the subject-matter. In the first division of the last opinion of the Supreme Court, after calling attention to the previous decisions of that court, it is said: "Construing the cases together, . . an order of the superior court judge, approving a bill for reporter's services in excess of $2500 limitation, was not conclusive. . . Assuming the correctness of this decision [meaning the previous opinion of the Supreme Court], the rule as thus announced will not be extended so as to cover the facts of the instant case. We do not construe the rulings in the cases just cited to mean that the provisions of the Code, § 24-3005, as above quoted, do not expressly and in terms recognize that the judges of the superior courts of this State have the inherent power and authority to incur and order paid, *without further order*, all contingent expenses, including the compensation of court reporters." (Italics ours.) Further on and in conclusion, the Supreme Court said in the last case before it: "The judge appears to have included in his approval of compensation certain work thus done by the person assisting the reporter, and in doing so his order became a judgment by a court of competent jurisdiction, and not being void on its face can not be collaterally attacked. See 23 Words and Phrases (Perm. ed.), p. 156, citing the Indiana case of Etzold *v.* Board of Commissioners of Huntington County (Ind. App.) 141 N. E. 617, holding that just such an approval by the judge is a judgment of court and not subject to collateral attack. Whether such a question could be properly raised and an attack made on the judgment in the in-

stant case by a motion to vacate or modify the order of the judge, is not a question which is presented by the record before us. But see, in this connection, 44 Words and Phrases (Perm. ed.), p. 364, citing Kelly *v.* People, 115 Ill. 583, 590 (4 N. E. 644, 645, 56 Am. R. 184), in which it was said: "There is a distinction between 'void and erroneous,' as used with reference to acts from a judicial body, the general rule being that, where the body has jurisdiction of the subject-matter and of the person affected, its judgment in the case will not be void, though it may be erroneous. If the judgment is merely erroneous, it can be attacked, and the error corrected only by appeal or by a direct proceeding to set it aside, while if it be absolutely void it is a nullity from the beginning, and may be treated as such without further proceedings to have such nullity judicially declared."

Thus it is that the Supreme Court has specifically and definitely held that the certificate of the judge of the superior court approving bills for compensation to the court reporter is a judgment of that court and can not be collaterally attacked. It is therefore conclusively clear that the instant petition, filed in the City Court of Floyd County, is an attempt to attack collaterally a judgment of the superior court. The Supreme Court having held that the order of the superior court approving the compensation of the court reporter is not void, it therefore follows that the judgments of the superior court in certifying the bills presented by the court reporter are, at most, erroneous, and proceedings must be brought, in order to correct such errors, if any there are, in the superior court and no other. The petition as amended was subject to be dismissed on general demurrer, and the court erred in overruling the general demurrers. It is unnecessary to discuss any of the special demurrers.

*Judgment reversed. MacIntyre, P. J., and Felton, J., concur. Felton, J., was designated to preside in place of Townsend, J., disqualified.*

ON MOTION FOR REHEARING.

In the motion for rehearing it is contended that the demurrers originally filed to the petition on August 30, 1947, were not renewed or insisted upon to the petition as amended. It is contended that, while the bill of exceptions shows that they were, the record in the case does not bear out this statement in the bill

of exceptions, and that therefore the record prevails over the bill of exceptions. Counsel cite in support of their contentions: *Powell* v. *Cheshire,* 70 *Ga.* 357 (2-b) ; *Livingston* v. *Barnett,* 193 *Ga.* 640 (19 S. E. 2d, 385) ; *Peoples Loan Company* v. *Allen,* 199 *Ga.* 537; *Silverman* v. *Alday,* 200 *Ga.* 711 (38 S. E. 2d, 419). It will be noted that the demurrers, both general and special, were filed to the petition on August 30, 1947. The plaintiff filed an amendment on December 1, 1947. After the amendment was filed and on the last page of the record and the last item in the record, this appears: "The plaintiff, having amended his petition, the within demurrer is overruled, this December 1, 1947. [Signed] J. F. Kelly, J.C.C.F.C." Upon a careful reading of the opinions in the cases cited above, it is clear that the facts of those cases differentiate themselves from those of the instant case. It is clear to us, for the reasons given in the original opinion in the instant case, that the original petition set out no cause of action, and there was nothing by which to amend. The case which the movant discusses more at length than any other cases upon which he relies is *Silverman* v. *Alday,* supra. In that case, at page 713, the court—after reciting the proposition that the bill of exceptions stated, "whereupon the plaintiff offered an amendment to his petition, which was allowed and filed, and the defendant thereupon renewed his said demurrer to the plaintiff's petition as amended," and then dealing with the exceptions pendente lite—said that such exceptions recite that the "court then and there entered upon said demurrer a judgment and order overruling the same, to which said judgment the defendant excepted." The Supreme Court then immediately said: *"The transcript of the record as originally brought to this court did not contain either ·a renewal of the demurrer to the petition .as amended, or any judgment overruling the demurrer."* (Italics ours.) The Supreme Court then said that it called upon the clerk of the court below to send up the proceedings in the record—that is, the judgment on ·the demurrer and the exceptions pendente lite, or a certificate that no such proceedings appeared of record. Such are by no means the facts here. The judgment on the demurrer in the instant case appears, as we have stated, in the record and not only in the bill of exceptions. Therefore it clearly appears that the vice there does not appear here. Respecting the ruling in *Livingston*

v. *Barnett,* supra, it is our opinion, according to our view, that it does not require a different result in the instant case; for it is clear, according to our way of thinking, that the amendment in the instant case did not change the original petition in material respects. It is only an elaboration to graft on to dead wood. *Rehearing denied.*