THE CITY COUNCIL OF AUGUSTA, plaintiff in error, *vs.* JOSEPH B. RAMSEY, defendant in error.

General Pope, under the Reconstruction Acts of Congress, appointed a Mayor and Council for Augusta, and they elected Ramsey a policeman for one year, at a fixed salary. Before the end of the year, a new Mayor and Council were elected, pursuant to an Act of the General Assembly of Georgia, and they elected new policemen and ousted Ramsey :

*Held*, That Ramsey could not recover his salary for his unexpired term. (R.)

Reconstruction Acts. Contracts. Before Judge GOULD, Judge of City Court of Augusta. June, 1870.

This was an action by Ramsey against the City Council of Augusta, for his salary as policeman. It was submitted to the Judge upon the following agreed facts :

On the 30th of April, 1867, Major General John Pope, commanding the Military District of Georgia, issued an order, removing from office the then Mayor and City Council of Augusta, and appointing others members of the City Council of the said city of Augusta, who, thereupon, entered

City Council of Augusta *vs.* Ramsey.

upon their duties as Mayor and members of Council. On the 10th of January, 1868, the last said City Council elected the plaintiff first lieutenant of police of said city for one year, at a salary of $1,000 00 *per annum*. In October, 1868, the Legislature passed an Act authorizing and requiring an election to be held in said city of Augusta, on the 2d day of December, 1868, for Mayor and members of Council of said city. An election was duly held under said Act, when Henry F. Russell was elected Mayor, and others were elected members of the City Council of said city, and were all duly qualified as such, and entered upon the discharge of their duties on the 3d day of December, 1868. The last said Mayor and Council discharged the plaintiff from his office. Plaintiff was then and afterwards present and offering to go on in the discharge of his said duties as first lieutenant of police, and said Mayor and Council refused to accept his services, or permit him to discharge his duties.

The Judge gave judgment for plaintiff. That is assigned as error.

A. R. WRIGHT, for plaintiff in error. Reconstruction Acts unconstitutional: American Enclyclopedia, 210 to 254; Constitution United States, Article IV., sections 2, 3, 4; Stanberry's Opinion, Amercan Enclyclopedia, 659; Act July 26th, 1861; American Enclyclopedia, 241: They cease to operate when the State is represented in Congress, *Ibid;* 19th Grattan, 673, 704.

JAMES S. HOOK, for defendant.

LOCHRANE, Chief Justice.

Where, by a military order under the Reconstruction Acts of Congress, a Mayor and City Council had been appointed for the city of Augusta, and such Mayor and Council elected, under the ordinances of the city, Joseph B. Ramsey as lieutenant of police for the term of one year, and before the expiration of the year the Legislature of this State provided

for an election for Mayor and Aldermen in said city, which was held in pursuance of such Act of the Legislature, and such officer duly installed, and after such election and organization, the Mayor and Aldermen elected other officers to discharge the municipal duties, and declined the services of the said Ramsey, and he brought suit against the city for his salary for the alleged unexpired term, and the Court below (the question of law and facts having been submitted to him for his judgment) held the city liable for such salary: *Held,* That the Court below erred in the judgment pronounced in this case, and that the Mayor and Council appointed under the order of Major General Pope, under the provisions of the Reconstruction Acts, having been superceded by the Mayor and Council. elected in pursuance of law. Such displacement of them carried with it the parties elected to office by them, and their official functions ceased with the power which gave them existence as soon as other officers were elected to their places, and was not such an election to office as could perpetuate to the office a longer term than that held by the appointees themselves, under the military order and for the exigency, *ad interim,* which placed them in power.

Judgment reversed upon the ground, the Court erred in holding the plaintiff below entitled to recover under the facts in this case.

Judgment reversed.