WILLIAM A. MAXWELL *et al.*, commissioners, plaintiffs in error, *vs.* JOHN B. CUMMING, defendant in error.

The judge of the superior court has no legal authority to appoint a detective or special officer, to hunt up and arrest and bring back to the county, whence he escaped, an escaped prisoner, to pass an order, on the approval of the grand jury or otherwise, that the county pay such detective or special officer $250 for his services, and to enforce such order by *mandamus* to the county commissioners to pay the same out of the county treasury, and, if they have not the money, to order the commissioners to tax the people of the county to raise it.

*Mandamus.* County Matters. Before Judge CLARK. Lee Superior Court. March Term, 1876.

Reported in the opinion.

W. H. BALDY, by M. J. CLARKE, for plaintiffs in error.

HAWKINS & HAWKINS, for defendant.

JACKSON, Judge.

It seems from the record that one George F. Page, who had been indicted for murder in Lee superior court, and the case transferred to Sumter, escaped from custody, and the defendant in error, Cumming, had received a bench warrant "as special officer and detective" after Page had fled; that Cumming arrested Page, attended him in a *habeas corpus* trial in Atlanta, and guarded him back to trial;

for which he charged $250. All this transpired in the year 1871. On the 13th of February, 1872, according to the bill of exceptions, on the 19th of October, 1872, according to the transcript of the record, the judge of the superior court, at chambers, *ex parte*, passed the following order:

"Ordered by the court that the county treasurer of Lee county, pay to John B. Cumming or order, two hundred and fifty dollars, for services in detecting, securing and guarding George F. Page, indicted in Lee superior court, transferred to Sumter, for murder."

A motion was made to vacate this order, but no action had thereon, so far as this record discloses, and things remained thus until March term, 1876, when Cumming moved a proceeding, called an amended *mandamus*, to compel the county commissioners of Lee county, Maxwell *et al.*, the plaintiffs in error, to pay his order for $250, and levy a tax therefor. This amended *mandamus* was served on the commissioners, who denied the power of the court to pass the order, and the right to make the *mandamus* absolute. These matters were referred to the court to decide in vacation, which, in July, 1876, at chambers, made the *mandamus* absolute. The commissioners excepted, and assign for error this judgment of the circuit court.

It may be well questioned whether the striking irregularity of these proceedings do not vitiate the entire ruling and judgment of the court. The first order, on which the whole proceeding is based, was granted, on motion, at chambers, and without even an affidavit to support it, and if that order be null and void, the case, the original claim, would be barred by the statute of limitations. This purports to be an amended *mandamus*, but the record shows no preceding *mandamus* to amend by; and the entire case has been conducted with great looseness. The record discloses no evidence at all of the nature or value of Cumming's services. No proof was taken, so far as appears, either at the March term, 1876, or at the time judgment was finally rendered at chambers, and the order passed mak-

ing the *mandamus* absolute and compelling a tax to be levied upon the people of Lee to pay for services never proven.

But waiving all these irregularities, and presuming that the court had proof of the validity of the claim, the great question is, did the court have legal authority to employ Cumming upon such a venture, and to make the county foot the bill? We think not. We are acquainted with no law of Georgia which authorizes the superior court to appoint and pay a detective, or to employ a special officer to detect an escaped prisoner, to arrest him, to guard him back to the county whence he escaped, and to pay him therefor out of the county treasury, or the pockets of the tax-payers. Such would be a very dangerous power. It might mulct the counties in enormous expenses. Instead of hundreds, as in this case, it might cost thousands of dollars. We have always thought that the governor of the state alone had the power to offer rewards for the detection and arrest of criminals, and we still think that such is, and ought to be, the law.

Let the judgment be reversed.