## HOUSTON COUNTY *vs.* KERSH & WYNNE.

There is no authority of law for paying out of the public funds of a county any compensation for publishing the general presentments of the grand jury. The cost of such publishing does not come within the terms, "expenses of court," as used in the constitution, (code, §5190,) nor within the terms "contingent expenses incurred in holding the several sessions" or "any session of the

superior court," as used in §§3691, 3692 of the code; nor within the terms "expenses of the county for bailiffs at courts, non-resident witnesses in criminal cases, fuel, servant-hire, stationery and the like," or "any other lawful charge against the county," as used in §514, paragraphs 5, 9, of the code.

January 23, 1889.

County matters. Jury and jurors. Constitutional law. Before Judge GUSTIN. Houston county. At chambers, July 26, 1888.

Reported in the decision.

A. S. GILES and W. C. WINSLOW, for plaintiff in error.

JOHN P. ROSS, contra.

BLECKLEY, Chief Justice.

The grand jury of Houston county recommended in their general presentments that the presentments be published in certain newspapers, provided the cost of publication (meaning in each paper) did not exceed ten dollars. The judge of the superior court ordered the publication, and a certain newspaper, one of those named, made the publication, and the publishers afterwards presented to the judge of the superior court an account against the county for ten dollars, as compensation. It was approved by him, and was afterwards presented to the county commissioners with a view of obtaining their order for its payment. They refused to grant the order, and a suit was brought in favor of the publishers against the county of Houston, in a justice's court. Upon the trial, there being a plea that the county was not liable, etc., objections to evidence were overruled, and the magistrate instructed the jury that the law of the case was in a certain section of the code, but that custom, while it did not make law, might reg-

ulate law, and that they were to deliver their verdict upon the principles of equity and the opinion they entertained of the evidence. They found in favor of the plaintiffs. A petition for *certiorari* was presented to the judge of the circuit, setting forth the proceedings in the justice's court and alleging errors, one of which made the point that the county was not liable. The judge declined to sanction the petition. We are to inquire now whether this expense was a legitimate charge against the county. If it was, there was no propriety in a suit in a justice's court, because if the county treasurer could not honor the order of the judge of the superior court, we think it would be difficult for him to pay more respect to the judgment of a justice's court. But waiving further consideration of whether the action was proper supposing the liability to be one recognized by law, we hold that there is no provision for paying such a claim. In order for it to be paid legally, it would have to come under the terms in the constitution, "expenses of courts." Code, §5190. It is no expense of any court, certainly not in the absence of a statute requiring the presentments to be published. The publication of any or all of the proceedings of the superior court might possibly be provided for by the legislature, as in the case of publication of the decisions of this court; and in that event, it is possible the expense of publishing presentments of the grand jury might be treated as an expense of the court. As the law stands, however, we think it is no expense of a court. To bring it within the purview of any statute now existing, it would have to be classed as "contingent expenses incurred in holding the several sessions," or "any session of the superior court," as used in sections 3691, 3692 of the code; or as "expenses of the county for bailiffs at courts, non-resident witnesses in criminal cases, fuel, servant-hire, station-

ery, and the like," or "any other lawful charge against the county," as used in §514, paragraphs 5, 9, of the code. And it cannot without undue strain be construed to fall within any of these provisions. Our conclusion is that there is no warrant for paying such a claim.

As to custom regulating the law, the constitution, in respect to public taxation and finance, undertook to regulate custom, and to put an end to a great deal that had been customary before the constitution was adopted. Authority for paying out the public money should be found in some law. One claiming to draw money out of the treasury of the county or the State should be able to point to a law that clearly authorizes the expenditure. *Kennedy vs. Seamans*, 60 *Ga.* 612; *Maxwell vs. Cumming*, 58 *Ga.* 384.

The petition for *certiorari* had merit, and should have been sanctioned.

Judgment reversed.