### HENDERSON *v.* PARRY.

The phrase " taking down the testimony," as used in section 4696(b) of the code and in the act of October 12th, 1885, providing for the compensation of official stenographic reporters, embraces the whole process of reproducing the testimony of the witness in ordinary and intelligible writing, when necessary to comply with the law, including both the stenographic notes taken by the reporter and the translation of these notes and writing out the same in ordinary language. Where there is no conviction so as to make it legally necessary to record the evidence, the process of taking down is complete without writing out the stenographic notes, and hence in such cases the compensation of the reporter should be limited to the time occupied in making his notes.

June 11, 1894.  Argued at the last term.

*Mandamus.* Before Judge RICHARD H. CLARK. Newton county.   December 23, 1893.

*Mandamus* was made absolute against the county treasurer, requiring him to pay to the official stenogra-

pher of the circuit the sum of $45 as required by a previous order of the judge of the circuit; and the treasurer excepted. The order which had been refused payment was preceded and accompanied by the affidavit of the stenographer to the correctness of the account; and by the certificate of the judge, that the stenographer was employed five days in taking down the testimony in the criminal case therein described, that at the same term when the conviction took place the judge had granted the stenographer an order on the county treasurer for $30 to cover his services for two days, and that he was entitled to a balance of $45 for three days services, which sum the treasurer was ordered to pay out of the county funds upon presentation of the order. The facts alleged by the treasurer in answer to the *mandamus nisi* were admitted to be true. These are, that the stenographer was engaged two days in taking down the testimony in stenographic notes, and three days in transcribing the same; that the order for $30, covering two days services, had been paid; and that the treasurer had refused to pay the order for the balance of $45, because, as he contends, the compensation of $15 per day is limited to the days actually engaged in taking down the testimony in stenographic notes in the court-house, and does not include the time taken in transcribing them.

E. F. Edwards, for plaintiff in error. Glenn & Maddox, John S. Candler and Marshall J. Clarke, *contra.*

Simmons, Justice.

The head-note in this case, read in connection with the official report, will be sufficiently understood without further elaboration. The construction given to the statute, as announced in the head-note, we are satisfied is correct, and is the one which has generally been placed upon it by the circuit judges of the State.

*Judgment affirmed.*