## Ragland v. Palmer.

As ruled in *Henderson* v. *Parry*, this day decided, a judge of the su-
perior court may allow the official stenographic reporter compen-
sation at the rate of fifteen dollars per day for services actually
rendered in writing out the stenographic notes taken down in the
trial of felonies resulting in convictions ; but the judge has no au-
thority to allow compensation for such services before they are
rendered, nor to allow compensation for writing out the steno-
graphic notes in case of a mistrial.            *Judgment reversed.*
June 11, 1894.

*Mandamus.* Before Judge Butt. Talbot county.
March 14, 1894.

Upon petition for *mandamus* the court granted an
order that the county treasurer instantly pay $90 to
Palmer, the official stenographer of the superior court,
in discharge of an order on said treasurer, granted at a
previous term of the court by the judge to the stenogra-
pher. To this ruling the treasurer excepted. The case
was submitted to the court without a jury. Attached
to the plaintiff's petition was a bill made out in his
favor against the county, for "six days services, time
necessary to transcribe testimony in felony convictions,
and case of The State *vs.* Green Neal jr., rape, mistrial,
which is ordered written out by the court, at legal rate,
$15 per day." Upon this bill was the following order,
signed by the judge : "It appearing to the court that
the foregoing bill is correct, it is ordered and adjudged
that the treasurer of Talbot county pay to the said Geo.
C. Palmer the sum of ninety dollars out of any funds
that he may have on hand to defray court expenses."
The defence was, that the treasurer was advised that the
order was not such as is allowed by the statute prescrib-
ing the payment of official stenographers, but that said
bill shows upon its face that the work for which pay is
claimed was not for taking down the testimony as the

law provides, but was for time required in transcribing the reporter's notes from shorthand to ordinary writing; he having been paid for taking down said testimony on the trial of the case, at $15 per day.

Plaintiff testified: I was engaged at the September term, 1893, of the superior court, as official court reporter, and as such reported the evidence in felony cases, consuming five days in taking down in shorthand notes said cases. The court granted me an order on the county treasurer for five days taking down testimony, and six days time necessary to transcribe felony convictions. When I presented my order to the treasurer, he advised me that he could not pay the full amount of it. He paid me $75 (five days taking down at $15 per day), stating that he was willing to pay me for writing out testimony in felony convictions, but was refusing to do so under instructions of the county commissioners. I wrote out a portion of the convictions at said term after court adjourned, and wanted to know whether I would receive pay for the balance before I did so. The case I wrote out was The State vs: Green Neal jr., charged with rape, and a mistrial, which was ordered written out by the court at the request of counsel. The original order is attached to the petition for *mandamus*.

J. J. BULL, H. PERSONS, J. L. WILLIS, J. H. MARTIN and S. B. HATCHER, for plaintiff in error.

WORRILL & MCMICHAEL and LITTLE & WIMBISH, *contra*.