## HOWARD *v.* EARLY COUNTY.

There is no statute of force in this State which authorizes payment to be made from a county treasury for the publication in a newspaper of the annual statement required of county treasurers by paragraph 9 of section 460 of the Political Code; and paragraph 2 of section 6, article 7 of the constitution (Civil Code, §5892) forbids the enactment of any such a statute.

Argued April 29,—Decided May 28, 1898.

Complaint on account—appeal. Before Judge Sheffield. Early superior court. October term, 1897.

*P. D. DuBose* and *R. H. Powell*, for plaintiff.
*W. D. Kiddoo* and *R. H. Sheffield*, for defendant.

LITTLE, J. Howard instituted in the county court of Early County an action on an account for ninety-six dollars alleged to be due him for printing the annual report made by the treasurer of Early County to the ordinary of that county. By consent the case was appealed from the county to the superior court; and when the cause came on to be heard in the latter court, the petition was demurred to upon the ground that no

cause of action was stated, because the constitution of the State does not permit taxes to be raised for such a purpose. The court sustained the demurrer, the plaintiff excepted, and this court is now called upon to determine whether the County of Early was liable for this charge.

We are not aware of any statute which makes it the duty of the county authorities to print the annual reports made by the several treasurers of the counties of this State. It is true that paragraph 9 of section 460 of the Political Code makes it the duty of a county treasurer " to publish at the door of the court-house, and in a public gazette, if there is one published in the county, a copy of his annual statement to the ordinary." Being a public officer, and the subject-matter of this report affording to the people of the county information of a public character in which they are directly interested, it would seem that some provision should be made to meet the expense necessarily incurred by a discharge of this duty. But no provision of law seems to have been enacted to meet the same; and unless some authority can be found which will authorize the ordinary, or county commissioners, as the case may be, to pay a fair sum for such publication, such public officers would not be authorized to do so. Neither counties nor their officers can do any act, or make any contract, or incur any liability, not authorized by some legislative act applicable thereto. *Albany Bottling Co.* v. *Watson*, 103 *Ga.* 503. The several counties of this State have, by the express words of our constitution, been created bodies corporate; but by the same instrument they have only such powers as may be prescribed by law (article 11, section 1, paragraph 1, constitution of 1877, Civil Code, § 5924); and it is necessary, for one who claims the right to receive money from the treasury of a county, to show some law which authorizes the expenditure, before his claim will be paid. *Kennedy* v. *Seamans*, 60 *Ga.* 612; *Maxwell* v. *Cumming*, 58 *Ga.* 384.

County revenue is raised in the manner pointed out by the General Assembly, taxation being practically the only source from which it comes; and not only is the manner of the expenditure of such fund regulated by law, but the purposes for which taxation may be imposed are likewise limited. It is pro-

vided by section 404 of the Political Code that: "County taxes shall be assessed for the following purposes: 1. To pay the legal indebtedness of the county due, or to become due during the year, or past due. 2. To build or repair court-houses or jails, bridges or ferries, or other public improvements, according to the contract. 3. To pay sheriffs', jailers', or other officers' fees that they may be legally entitled to, out of the county. 4. To pay coroners all fees that may be due them by the county for holding inquests. 5. To pay the expenses of the county, for bailiffs at courts, non-resident witnesses in criminal cases, fuel, servant hire, stationery, and the like. 6. To pay jurors a per diem compensation. 7. To pay expenses incurred in supporting the poor of the county, and as otherwise prescribed by this code. 8. To pay charges for educational purposes, to be levied only in strict compliance with the law. 9. To pay any other lawful charge against the county." It will be noted that one of the purposes is: "To pay any other lawful charge against the county." But to determine what may be a lawful charge against the county, it is legitimate and proper to look to the public purposes for which the county revenue may be raised by taxation. Article 7, section 6, paragraph 2 of the constitution, declares that: "The General Assembly shall not have power to delegate to any county the right to levy a tax for any purpose, except for educational purposes in instructing children in the elementary branches of an English education only; to build and repair the public buildings and bridges; to maintain and support prisoners; to pay jurors and coroners, and for litigation, quarantine, roads, and expenses of courts; to support paupers and pay debts heretofore existing." Inasmuch as the power of the counties to raise funds for public expenses is restricted to these subject-matters, payments of such funds must necessarily be restricted to the same subject-matters and those which legitimately grow out of them.

It was claimed by the plaintiff in error, that the expense of publishing the treasurer's annual statement made to the ordinary should be regarded and treated as a court expense, and, as such, a legal charge against the county. This contention can not be maintained. The statement referred to is not re-

quired to be made to the court of ordinary, but to the ordinary as a county, not a judicial, officer. It is required to be made to him because, where provision is not otherwise made by law, he is the officer charged with the care and conduct of the public business of the county. The publication of the statement required to be made is neither directly nor remotely connected with the business or any proceeding of the court of ordinary. In the case of *Houston County* v. *Kersh & Wynne*, 82 *Ga.* 252, the county commissioners declined to pay an account for ten dollars, which had been approved by the judge of the superior court, for the publication of the general presentments of the grand jury, which had been published on the recommendation of such jury. The commissioners based their refusal to pay this sum from the county funds on the ground that they were not authorized by law to make payment of any bill for this purpose. It was held in that case, which was a suit against the county to recover the amount of the bill, that the publication of the grand-jury presentments did not come under the head "expenses of court" (in the absence of a statute providing for the publication of the general presentments of the grand jury as a part of the proceedings of the court); nor within any of the purposes for which the county was authorized to assess taxes. Subsequently, however, a statute was enacted making such publication a part of the expenses of the court, and the cost of such publication is now paid from the county funds as coming under that head. We are of the opinion that there is no statute authorizing the payment of the charge involved in this case; and we are also further of the opinion that the provisions of the constitution, above referred to, forbid the enactment of any such a statute. The legislature may restrict debts to be incurred, or expenditures to be made by counties, but it can not enlarge the powers of these corporations where such are restricted by the terms of the constitution. We are of the opinion, therefore, that the trial judge committed no error in sustaining the demurrer, and adjudging that the petition filed by the plaintiff set forth no cause of action.

*Judgment affirmed. All the Justices concurring.*