8395

GOREE v. COUNTY SUPERVISOR.

OFFICERS—MAGISTRATES.—Where an act providing for the appointment of a magistrate at a certain place is sent to the Governor and by him held for three days while the legislature is in session, it becomes a law in operation twenty days after the expiration of the three days, and the legislature adjourns during the twenty days, and within that time, but after Senate adjourns, one is appointed to the office of magistrate at that point without the advice and consent of the Senate, the appointment is valid and he is entitled to his salary. Whether he lives at the place for which he was appointed or has transacted any business pertaining to the office are not conditions precedent to the validity of his appointment.

Petition in the original jurisdiction of this Court by W. O. Goree for writ of mandamus to the county supervisor and county treasurer of Greenwood county.

*Mr. D. H. Magill,* for petitioner.

*Messrs. Grier & Ouzts,* contra.

December 24, 1912.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY.   This is an application to the Court, in the exercise of its original jurisdiction, for a writ of mandamus.

The facts are thus alleged in the petition:

I. "That on the 19th day of March, 1912, he was duly and legally appointed and commissioned as a magistrate, in and for the county of Greenwood, at Coronaca, in said county, the office having been established at that place, by an act of the General Assembly, at its session of 1912.

II. "That the annual salary of your petitioner, as such magistrate, as fixed by law, is the sum of one hundred dollars, and the said act provides, that such salary shall be due and payable quarterly, upon the order of the county supervisor.

III. "That your petitioner has held the said office of magistrate, under said appointment and commission, and has discharged the duties thereof, as required by law until the present time, and on the first day of October, 1912, the said supervisor refused to make the order required by law, for the quarterly payment due on that day, and, notwithstanding the petitioner's demand, the said respondent, the county supervisor, refused and still refuses to make said order, for said quarterly payment of twenty-five dollars.

"Wherefore, your petitioner prays, that a writ of mandamus issue, commanding said supervisor to draw his said order as required by law, for said quarterly payment, and that the county treasurer be required to pay the same, and that the county supervisor be required to pay the costs of these proceedings."

The return of the respondents is as follows:

1. "That they deny each and every allegation in said petition contained, not hereinafter admitted.

2. "That on the 23d day of February, 1912, the legislature of South Carolina did pass an act, providing for the appointment of a magistrate at Coronaca, at a salary of $100 per annum, the said salary to be paid quarterly, as alleged in said petition.

3. "That the said act was presented to the Governor for his approval, on the 23d day of February, 1912, and was not returned within three days, to the house in which it originated, the General Assembly being in session.

4. "That on the 29th day of February, 1912, the Senate then being in session, recommended to the Governor, and advised for appointment as magistrate at Coronaca, G. Medlin (see Senate Journal, p. 990-1), and the Governor failed and refused to make said appointment, but on the 19th day of March, 1912, the legislature, having adjourned, appointed the petitioner without the advise and consent of the Senate, as is provided in art. V., sec. 20, of the Constitution of this State.

5. "That although the act under which the petitioner was appointed, created the office of magistrate at Coronaca, there being no magistrate at that place before, and no vacancy in the office, and the said act provides, among other things, that each magistrate shall have his office at the place for which he shall be appointed.

6. "That the petitioner lives on a farm two miles from the town of Coronaca, the place at which he was appointed, and has never had an office, or transacted any business pertaining to the office of magistrate, in the said town."

The act of 1912, under which the petitioner was appointed, provides that there shall be appointed eleven magistrates, for the county of Greenwood, one of whom shall be commissioned for each of the following places: Coronaca; each of whom shall have his office at the place for which he

shall be appointed. The act further provides for the amount of salary, for the respective magistrates, and the manner in which it is to be paid.

Section 23, art. IV, of the Constitution provides, that, "If a bill or joint resolution, shall not be returned by the Governor, within three days after it shall have been presented to him, Sundays excepted, it shall have the same force and effect, as if he had signed it, unless the General Assembly, by its adjournment, prevent its return."

Section 37, Code of Laws, 1912, is as follows: "No act or joint resolution passed by the General Assembly, shall take effect or become of force until the twentieth day after the day of its approval by the Executive, unless some other day be specially named in the body of the act or joint resolution, as the day upon which it shall take effect."

The act under consideration was presented to the Governor, on the 23d of February, and as the legislature remained in session until the 29th of February, it had the same force and effect as if it had been signed by the Governor on the 26th of February.

It, however, did not take effect until the twentieth day after the 26th of February.

As the act did not become effective, until the twentieth day after its approval, and as the legislature had then adjourned, it was not possible for the appointment to be made by and with the advice and consent of the Senate; and any recommendation by that body, before the act went into effect, was without any force whatever.

The respondents seek to defeat the right of the petitioner, to a writ of mandamus, on the ground that he has not an office, and has not transacted any business pertaining to the office of magistrate, at Coronaca.

This is not a condition precedent to the petitioner's right of appointment, and, whether such fact showed a failure to

discharge the duties of his office in a proper manner, was not a question to be determined by the respondents.

It is the judgment of this Court, that the prayer of the petitioner be granted.