BUTLER, Judge, *v.* PAPE.

No. 11332. DECEMBER 1, 1936. REHEARING DENIED DECEMBER 11, 1936.

*E. W. Maynard, J. C. Estes,* and *Hall & Bloch,* for plaintiff in error.

*Park & Strozier,* contra.

ATKINSON, Justice. Harry E. Pape filed a petition praying that the writ of mandamus issue against E. W. Butler as judge of

the city court of Macon. After a hearing on pleadings the mandamus was made absolute. Pape alleged that he was duly appointed and qualified as probation officer of Bibb County, having received his appointment on February 3, 1931, by order in writing of Hons. H. A. Mathews and Malcolm D. Jones, Judges of Bibb superior court, and pursuant to recommendation of the grand jury of said county that a probation officer be appointed, and that he had continuously discharged the duties of his office, a part of which involved the oversight and supervision of probationers from the city court of Macon, of which E. W. Butler is the judge. Before the appointment of January 1, 1935, of the defendant as judge of the city court, the petitioner performed his duties in reference to probationers from said city court, but since the appointment of the defendant as judge he has adopted a policy of withdrawing probationers from the supervision and oversight of petitioner; and on January 2, 1936, the defendant as judge of the city court passed an order commuting the sentence of twenty-eight probationers from his court, and also passed an order requiring all other probationers from that court to serve the remainder of their probation terms under the direction of the court and those appointed by the court to serve as probation officers, the clerk and deputy clerk of the city court being named as probation officers for this purpose. As a result of the alleged illegal acts of the defendant, the work of petitioner as probation officer has been so reduced that the board of county commissioners is contemplating the reduction of his salary, and has notified him that his salary of $200 a month would be continued only for a period of two weeks from January 7, 1936, no appointment or reappointment having been given to him as probation officer. By act of the General Assembly approved March 2, 1933 (Ga. L. 1933, p. 233), the board of county commissioners of Bibb County was given supervision over the probation officer to the extent that such office should not continue without its express approval, and it was declared that the salary of the incumbent thereafter serving should be fixed by the said county board. Since the express approval of the board had not been obtained, the issuance of any writ would affect the rights of the commissioners, and they should be made parties to the proceeding. The effect of the orders of the judge of the city court was to withdraw all city-court probationers from plaintiff's oversight, both

because the defendant could not legally commute sentences, and because he had no power under the law to appoint probation officers, or to refuse to turn probationers over to the plaintiff; and the effect and intention of defendant's orders was to disorganize plaintiff's office, and make it impossible for him to continue to function as county probation officer. The prayer of the petition was for a mandamus requiring the defendant to turn over to the plaintiff all city-court probationers, and to allow him to continue to exercise the duties of his office over such probationers, and to refrain from interfering with him.

To the petition the defendant demurred generally and specially, and to the answer of the defendant the plaintiff demurred; and the judgment granting the mandamus was rendered on the pleadings. One ground of the demurrer was predicated upon a failure of the petition to allege compliance with an act of the General Assembly approved March 2, 1933 (Ga. L. 1933, p. 233). The defendant filed an answer to the petition, in which he denied that the petitioner was or is the duly appointed and qualified probation officer, because his tenure of office had expired by reason of the fact that the appointment relied upon by him was not as chief probation officer but as a special assistant probation officer, John A. Davis having, before the appointment of Pape, been appointed as probation officer of Bibb County, and on December 13, 1933, after the appointment of Pape as special assistant probation officer, John A. Davis was discontinued as probation officer without any appointment or reappointment of Pape. Further, defendant alleged that Pape was not probation officer, because he had no fixed term of office, but only a tenure of office which expired with that of the appointing power—the terms of both H. A. Mathews and Malcolm D. Jones having expired, and no appointment or reappointment having been given to Pape. The defendant further charged neglect of duty on the part of the petitioner, with malfeasance and nonfeasance in respect to the office, and with an utter disregard of the principles of honesty and proper conduct, and that he was wilfully refusing to perform the duties of the office in order to devote his time to private business. The petitioner moved to strike the answer, on the grounds that in a mandamus proceeding the defendant could not inquire into the title of the office which the petitioner claimed; that the act approved March 2, 1933 (Ga. L. 1933,

p. 233), was unconstitutional, for reasons assigned; and that the various charges against petitioner were not pertinent to the mandamus proceeding.

On February 15, 1936, Judge Malcolm D. Jones passed an order overruling the defendant's demurrers, and sustaining the petitioner's demurrers, and made specific findings: First, that the defendant as judge of the city court of Macon had no right to set up an independent system of probation for his court; that the petitioner had supervision over all probationers, and the defendant had no legal right to refuse to turn over to petitioner the probationers from his court. Second, that the alleged misconduct of petitioner constituted no legal defense. Third, that the act approved March 2, 1933 (Ga. L. 1933, p. 233), was unconstitutional, under the ruling in *Toole* v. *Anderson*, 177 *Ga.* 814 (171 S. E. 714). In an amendment to his answer the defendant set forth the appointment by Judge H. A. Mathews, judge of the superior court, of John A. Davis as county probation officer; that Harry E. Pape, by order of Judges H. A. Mathews and Malcolm D. Jones, was appointed as special assistant probation officer for Bibb County; that on December 13, 1933, Judge Malcolm D. Jones passed an order to the effect that John A. Davis was appointed, on July 6, 1918, probation officer, and that it appeared to the court that all of the probation work was being performed by Harry E. Pape by order dated February 3, 1931, and it further appeared to the court that John A. Davis was engaged exclusively as chief probation officer of the juvenile court; and therefore it was ordered that any relationship of John A. Davis as probation officer serving in the superior and city courts was terminated. Therefore it was urged by the defendant that the tenure of office of Harry E. Pape was necessarily terminated at the same time that John A. Davis ceased to occupy the position of chief probation officer.

The act approved August 16, 1913 (Ga. L. 1913, p. 112), declares: "After the passage of this act, the grand jury of any county may recommend to the judge of its superior court that he appoint a county probation officer, and such assistants as may be deemed necessary, who shall have supervision and oversight of all probationers from the several courts of criminal jurisdiction in the county, and it shall be the duty of the judge to appoint such person or persons as seem best qualified for the duties devolving

upon a probation officer, to serve during the pleasure of the court making the appointment, and to fix the salary, which shall be paid out of the county treasury, as part of the court expenses; provided, the judge may require of said officer a bond in such sum, with security, as the court may determine. Men or women are eligible as volunteer or assistant probation officers; provided, they are not members of a county or municipal police force." Therefore the chief probation officer of the assistant holds office "during the pleasure of the court." 'Pape was not appointed by the chief probation officer, but by the judges, not as individuals but as officials. The office of judge does not expire with the passing of the individual incumbent, but continues to be filled by the succeeding incumbent. The mere fact that the terms of office of Judge Mathews and Judge Jones expired after the appointment of Pape did not terminate his tenure of office. He continued to remain as assistant probation officer until he was displaced by the official judges of the superior court of the county, whoever the individuals may be holding those offices. The fact that the act of the judges appointing Pape was ministerial (*Steinheimer* v. *Jones*, 114 *Ga.* 349, 40 S. E. 241) does not restrict the length of tenure of their appointee. It has been held that the deputation of a deputy expires with the expiration of the term of the principal. The same rule does not apply to assistants to whom a fixed term has been given by law. 46 C. J. 1062, § 382. A deputy is different from an assistant as provided by this act. Here Pape was appointed by the two judges to occupy the office at the pleasure of the court. The word "court" in the statute refers to the judicial position, and not to the personnel of the court, since the expense of the maintenance of the probation office becomes a part of the court expense.

The plaintiff in error cites one case from Georgia, *City Council of Augusta* v. *Ramsey,* 43 *Ga.* 140. That decision has never before been cited since its rendition. That was a case where Ramsey sued the City Council of Augusta for his salary as policeman. On April 30, 1867, Major General John Pope, commanding the military district of Georgia, issued an order removing from office the then Mayor and City Council of Augusta, and appointing other members of the city council, who thereupon entered on their duties, and on January 10, 1868, the city council elected the plaintiff for

one year as lieutenant of police, at a salary of $1000 per annum. In October, 1868, the legislature passed an act requiring an election to be held in the City of Augusta on December 2, 1868, for mayor and members of council. An election was duly held, and the mayor and city council entered upon their duties on December 3, 1868, and they discharged the plaintiff. The judge gave judgment for the plaintiff, which was reversed. The court in pronouncing its decision recited that it was by a military order under the reconstruction acts by Congress that Ramsey had obtained his position, and that the mayor and council, appointed under the order of Major General Pope under the provisions of the reconstruction acts, having been superseded by the mayor and council elected in pursuance of law, such displacement of them carried with it the parties elected to office by them, and their official functions ceased with the power. It is unnecessary to go into a discussion of the constitutionality of the reconstruction acts, but the case cited is not controlling as to the questions involved in the instant case.

It is urged by the plaintiff in error that the act approved March 2, 1933 (Ga. L. 1933, p. 233), deprives Pape, the defendant in error, of the right of mandamus, because that act declares that the probation officer "shall not continue without the express approval of the county board of commissioners or other fiscal agent of the county," which approval had not been given. This act is attacked by Pape as invalid on the ground, among others, that it violates the provision of the constitution (Code, § 2-8401), to the effect that officers created by the General Assembly for the transaction of county matters shall be uniform throughout the State, and of the same name, jurisdiction, and remedies. The constitution, article 11, section 3, paragraph 1 (Code, § 2-8401), declares: "Whatever tribunal, or officers, may hereafter be created by the General Assembly for the transaction of county matters, shall be uniform throughout the State, and of the same name, jurisdiction, and remedies," etc. The act of 1933, just cited, attempts to provide probation officers for counties having between 75,000 and 100,000 inhabitants, different from the provisions relating to probation officers in other counties of Georgia. This court has held that an act creating a classification of counties for the purpose of levying a school tax on the basis solely of population was void,

because "A difference in population alone is not a sufficient reason upon which to base such classification." *Southern Railway Co.* v. *Harrison,* 172 *Ga.* 465 (157 S. E. 462). An act similar to the one now in question was held void by this court in *Toole* v. *Anderson,* 177 *Ga.* 814 (2) (171 S. E. 714), where this court held: "The act approved March 10, 1933 (Ga. Laws 1933, p. 269), providing that 'in all counties of this State having a population of not less than 75,000 and not more than 100,000 by the last or any future census of the United States,' there shall be established 'a board of tax appeals in such counties in lieu of arbitration,' and prescribing 'its duties and powers,' etc., is violative of the constitution of Georgia, art. 11, sec. 3, par. 1 (Civil Code (1910), § 6600), which provides that 'Whatever tribunal, or officers, may hereafter be created by the General Assembly for the transaction of county matters shall be uniform throughout the State, and of the same name, jurisdiction, and remedies,' etc., which was subsequently amended by providing for the abolishment of the office of county treasurer and for the consolidation of the office of tax-receiver and tax-collector. The act is therefore void." This case came from Bibb County, and the classification is in identical language with the classification adopted in the act approved March 2, 1933 (Ga. L. 1933, p. 233), applying to the instant case. Error is assigned because the court declined to permit an attack upon the conduct and qualifications of Pape in the mandamus proceeding. The court was correct in this ruling. The probation officer, under the act approved August 16, 1913 (Ga. L. 1913, p. 112), was to remain in office "at the pleasure of the court." The attack upon the conduct and qualifications of Pape was not germane in the mandamus proceeding. The foregoing sufficiently elaborates the rulings announced in the headnotes.

*Judgment affirmed. All the Justices concur, except Bell, J., who dissents.*