MacNEILL, treasurer, v. WERTZ.

No. 14910. JULY 10, 1944.

*E. H. Sheats* and *W. S. Northcutt,* for plaintiff in error.
*Woodruff, Ward & Etheridge,* contra.

WYATT, Justice. 1. The petition as amended does not show that the plaintiff in the court below, now the defendant in error, was appointed to the position of adult probation officer for Fulton County by reason of any recommendation of the grand jury of Fulton County; neither does it appear that she was a successor in office to anyone who was appointed by reason of a grand-jury recommendation. The brief filed by the defendant in error uses the following language: "We do not contend, however, that the defendant in error was beholden to any grand jury for her appointment, or that any grand jury ever recommended the creation of the position held by her. We do contend that such recommendations by the grand jury were not and are not necessary under a correct interpretation of the act, and after a grand jury has once recommended that a probation officer be appointed." Therefore we must deal with the question raised by the general demurrer upon the premise that the defendant in error was not appointed "assistant chief probation officer" as a result of any recommendation by the grand jury other than the recommendation made in 1913, when Philip Weltner was appointed county probation officer, and that the defendant in error is not a successor in office to Philip Weltner. This raises the question whether or not the judges of the superior courts have legal authority to add assistant probation officers without the recommendation of a grand jury as to such assistants, after the grand jury has recommended the appointment of a probation officer. The statute with reference to the appointment of probation officers and assistants provides as follows: "After the passage of this act, the grand jury of any county may recommend to the judge of its superior court that he appoint a county probation officer, and such assistants as may be deemed necessary, who shall

have supervision and oversight of all probationers from the several courts of criminal jurisdiction in the county, and it shall be the duty of the judge to appoint such person or persons as seem best qualified for the duties devolving upon a probation officer, to serve during the pleasure of the court making the appointment, and to fix the salary, which shall be paid out of the county treasury, as part of the court expenses." Ga. L. 1913, p. 113, sec. 2.

The plaintiff in error contends that this court, in *Carroll* v. *Ragsdale,* 192 *Ga.* 118 (15 S. E. 2d, 210), decided the question here raised. In our opinion, the ruling in that case does not decide this question. The defendant in error contends that the question was decided by this court when the statute now under consideration was construed in *Butler* v. *Pape,* 183 *Ga.* 599 (188 S. E. 890), and *Freeney* v. *Pape,* 185 *Ga.* 1 (194 S. E. 515). An examination of those two cases will disclose that the question now to be decided was not involved in either case. We know of no decision of this court in which the exact question to be decided has been raised or determined. Therefore we must construe the meaning of the language as contained in the 'act of 1913 above quoted. What does the act provide that the judge of the superior court may do? "Appoint a county probation officer, and such assistants as may be deemed necessary." When does the act confer this power and authority upon the judge of the superior court? "After the passage of this act, the grand jury of any county may recommend to the judge of its superior court that he appoint a county probation officer, and such assistants as may be. deemed necessary." When this has been done, the statute makes it, "the duty of the judge to appoint such person or persons." The judge is then given authority to make the selection or selections and to fix the salary or salaries. The legislative intent seems to be clear that the question whether there should be a probation officer and an assistant or assistants should be vested exclusively within the discretion of the grand jury. This being true, the judge of the superior court did not have authority to appoint a probation officer or assistant probation officer, unless and until the grand jury had so recommended. Since the petition in this case fails to show that there had ever been such recommendation as to the position occupied by the defendant in error, she was never legally appointed assistant

chief probation officer. It follows that the general demurrer should have been sustained, and therefore all subsequent proceedings are nugatory. *Judgment reversed. All the Justices concur.*