WALDEN, Treasurer, *v.* NICHOLS *et al.*

No. 15641.   NOVEMBER 14, 1946.

*James Maddox*, for Floyd County.

*Matthews, Owens & Maddox*, for Walden.

*Graham Wright*, for Nichols.

WYATT, Justice. ■ The motion to dismiss is without merit and is controlled by the ruling in division two of this opinion.

■ We deal first with the question whether or not the order of a judge of the superior court, approving and ordering paid a bill of the official court reporter, is conclusive.

The Code, § 24-3104, provides, among other things, that the court reporter's bill shall be paid "on the certificate and order of the judge." This court has passed upon cases, and decided the issues presented, where the bills had been approved and ordered paid just as they were in the instant case. See *Henderson* v. *Parry*, 93 *Ga.* 775 (21 S. E. 144) ; *Ragland* v. *Palmer*, 93 *Ga.* 777 (21 S. E. 145) ; *Freeney* v. *Geoghegan*, 177 *Ga.* 142 (169 S. E. 882) We recognize that those cases are simply physical precedents, since the identical question here made does not appear to have been raised. This court has in instances held, however, that the order of a judge of the superior court for the payment of certain alleged expenses incurred in the operation of the court over which he presided was invalid and could not be paid. In *Maxwell* v. *Cumming*, 58 *Ga.* 384, this court held that a detective or special officer, appointed by a judge of the superior court to locate and arrest an escaped prisoner and bring him back to the county from which he escaped, could not enforce the payment of his claim by mandamus. In *Freeney* v. *Geoghegan*, supra, this court held that an expert accountant, employed by the solicitor-general to prepare and assimilate evidence, although his bill was approved and ordered paid by the judge of the superior court, could not enforce the payment of his claim by mandamus. In *Houston County* v. *Kersh*, 82 *Ga.* 252 (10 S. E. 199), a newspaper attempted to collect its bill for publishing grand-jury presentments (this case being decided before the law was expressly amended so as to provide for the payment of a bill of this kind). The bill was approved by the judge of the

superior court. This court held that payment of the bill could not be enforced by mandamus. The rule seems to be well established that a claim or account of the character here involved, although approved by the trial judge, may be attacked by showing that the claim is in fact invalid, and is such a claim as the trial judge was not authorized to approve and order paid. Nothing to the contrary is held in *Lamb* v. *Toomer*, 91 *Ga.* 621 (17 S. E. 966). The only question there decided was that the treasurer, and not the county commissioners, was the proper person to name defendant in the mandamus proceeding.

■ The next question presented is whether or not a court reporter can be paid more than $2500, for reporting felony cases in any one year, from the funds of any one county. We have three Code sections dealing with this question, reading as follows: "On the trial of all felonies the presiding judge shall have the testimony taken down, and, when directed by the judge, the court reporter shall exactly and truly record, or take stenographic notes of, the testimony and proceedings in the case, except the argument of counsel. In the event of the jury returning a verdict of guilty, the testimony shall be entered on the minutes of the court or in a book to be kept for that purpose. In the event that a mistrial results from any cause in the trial of a defendant charged with the commission of a felony, the presiding judge may, in his discretion, either with or without any application of the defendant or State's counsel, direct that a brief or transcript of the testimony had in the case be duly filed by the court reporter in the office of the clerk of the superior court wherein such mistrial occurred. If said brief or transcript shall be ordered, it shall be the duty of the judge to provide in said order requiring such brief or transcript for the compensation of said reporter, and that said transcript or transcripts shall be paid for on the order of said judge, as now provided by law for transcripts in cases wherein the law requires the testimony to be transcribed, at a rate not to exceed that provided by existing statutes in cases wherein a sentence is made in felony cases: Provided, however, nothing herein contained shall be deemed or construed to in any wise impeach or avoid the operation of section 24-3104." § 27-2401. "The compensation of the reporter or stenographic reporter, for taking down testimony in the trial of such criminal cases as are required by law to be recorded shall be $15

per day, which sum shall be paid by the county treasurer, or other officer having charge of the county funds of the county wherein such criminal cases shall be tried, on the certificate and order of the judge as to the number of days he has been employed, but not exceeding $2500 shall be paid in any one year for work done in that year out of the funds of any one county. In cases of conviction, the costs of reporting, as provided in this section, shall be entered up against the defendant, on which judgment the clerk of the superior court shall issue execution, and the money arising therefrom shall be deposited in the treasury of the county where such conviction was had, to be held as other county funds are held. Such reporter or stenographer shall, for reports of evidence and other proceedings by him furnished, be paid by the party requesting the same at a rate not to exceed 10 cents for each 100 words." § 24-3104. "Any contingent expenses incurred in holding any session of the superior court, including lights, fuel, stationery, rent, publication of grand jury presentments when ordered published, and similar items, such as taking down testimony in cases of felony, etc., shall be paid out of the county treasury of such county, upon the certificate of the judge of the superior court, and without further order." § 24-3005.

The first Code section above quoted appears to have been codified from Ga. L. 1876, p. 133, and the second from Ga. L. 1884-5, p. 130. Prior to the act of 1876, supra, there appears to have been no provision for the payment of court reporters other than in the Code, § 24-3005, providing for their payment as contingent expenses of the court. Section 24-3104 in express terms limits the amount that can be paid by any county in any one year to the sum of $2500 "for taking down testimony" in felony cases. In 1893 the case of *Henderson* v. *Parry, supra,* was before this court. At that time all of the above-quoted sections appeared in our Code. This court in that case said: "The phrase 'taking down the testimony,' as used in section 4696(b) of the Code and in the act of October 12, 1885, providing for the compensation of official stenographic reporters, embraces the whole process of reproducing the testimony of the witness in ordinary and intelligible writing." The court in that case was dealing expressly with the act of the legislature of 1884-5, supra, in which the limitation of $2500 was fixed. This ruling could have no other meaning than that the reporter is

entitled to $15 per day for the time required to take down and transcribe the testimony in felony cases, but that for this service he can collect no more than $2500 in any one year from any one county. Construing Code, §§ 27-2401, 24-3104, and 24-3005 together, it appears to have been the evident legislative intent to limit the amount that a court reporter can collect from any one county in any one year to the sum of $2500.

■ The final question for consideration is whether amounts due the county by an official court reporter can be set off in a mandamus proceeding against claims of the court reporter against the county of the character here involved.

In *Butler* v. *Pape,* 183 *Ga.* 599 (188 S. E. 890), it was ruled as follows: "In a mandamus proceeding filed by the assistant probation officer appointed under the act approved August 16, 1913 (Ga. L. 1913, p. 112), it was not permissible to attack the conduct and qualifications of such assistant probation officer. Any proceeding for that purpose should be separate and distinct from the mandamus action." In *Freeney* v. *Pape,* 185 *Ga.* 1 (7) (194 S. E. 515), this court used the following language: "While, under the ruling of this court in a former mandamus action by this petitioner, it would not be permissible to defend against a mandamus proceeding by an officer by attacking the conduct or qualifications of such officer, since 'any proceeding for that purpose should be separate and distinct from the mandamus action' (*Butler* v. *Pape,* supra; and see, to the same effect, *Holder* v. *Anderson,* 160 *Ga.* 433 (8), 446, 128 S. E. 181; Goree *v.* Greenwood County Supervisor, 93 S. C. 312, 76 S. E. 705), still, since the gist and the only purpose of this mandamus proceeding by the assistant probation officer, as shown by its prayer, was to require the defendant to pay to the plaintiff a specified amount of money, a judgment for which he was not authorized to obtain in an ordinary action at law, the allegations of the answer, setting up that the plaintiff had collected under court orders $138.50 in fines from probationers, which he had failed to turn over to the county treasurer, sought merely to reduce the amount of the plaintiff's claim by a setoff or counterclaim due to the defendant as the officer charged by law with the custody of such funds. The matter so pleaded being thus purely defensive and directly germane to the question as to whether the plaintiff was entitled to the full amount of the claim or a less

amount by reason of the facts alleged in the plea, it was error to strike the entire answer on oral motion."·

We conclude that the defendant in the court below was authorized under the law to plead and prove in the mandamus proceeding any amounts due by the plaintiff to the county, as a defense to the amount claimed to be due in the mandamus proceeding; but any suit or proceeding to obtain a money judgment against the plaintiff in the court below "should be separate and distinct from the mandamus action."

*Judgment reversed. All the Justices concur, except Duckworth, J., who dissents.*