WALDEN, Treasurer, *v.* NICHOLS *et al.*

No. 16345. OCTOBER 11, 1948. REHEARING DENIED NOVEMBER 18, 1948.

*Maddox & Maddox* and *Matthews, Owens & Maddox,* for plaintiff in error.

*Graham Wright* and *Covington, Covington & Sullivan,* contra.

GROVES, Justice. ■ The ground of demurrer assailing the petition for indefiniteness as to the capacity in which C. O. Walden was named as defendant, whether individually or as Treasurer of Floyd County, is without merit. The second paragraph alleged "That C. O. Walden is a resident of Floyd County, Georgia, and is the duly elected and qualified treasurer of said county." It was alleged in paragraph 8: "Petitioner shows that it is the official duty of said treasurer to pay the aforesaid orders." While other paragraphs referred to the defendant simply as "said C. O. Walden," we do not see how the failure to specifically designate him as treasurer in every reference made to him rendered the petition vague and indefinite as to the character in which he was being sued. The character in which a party is sued may be determined from the substance of the allegations of the petition, considered in its entirety. *Wallace* v. *Wallace,* 142 *Ga.* 408 (1) (83 S. E. 113); *Hamilton* v. *Speck,* 166 *Ga.* 667, 669 (144 S. E. 204). So considering the instant petition, it is clear that C. O. Walden was being sued in his official capacity as Treasurer of Floyd County.

■ "A decision by the Supreme Court is controlling upon the judge of the trial court, as well as upon the Supreme Court when the case reaches that court a second time. The principle in the decision may be reviewed and overruled in another case between different parties, but as between the parties the decision stands as the law of the case, even though the ruling has been disapproved by the Supreme Court in a case decided before the second appearance of the case in that court." *Western & Atlantic Railroad Co.* v. *Third National Bank of Atlanta,* 125 *Ga.* 489 (1) (54 S. E. 621); *Southern Bell Tel. &c. Co.* v. *Glawson,* 140 *Ga.* 507 (79 S. E. 136); *Smoot* v. *Alexander,* 192 *Ga.* 684 (16 S. E. 2d, 544); *Shirling* v. *Hester,* 201 *Ga.* 706, 710 (40 S. E. 2d, 743).

(*a*) Under the principle above stated, the defendant, in conformity with the decision of this court in *Walden* v. *Nichols,* 201 *Ga.* 568 (40 S. E. 2d, 644), "was authorized under the law to plead and prove in the mandamus proceeding any amounts due by the plaintiff to the county, as a defense to the amount claimed

to be due in the mandamus proceeding," so far as related to the first two orders for payment. The trial court erred in striking the defendant's answer and in thereafter granting a mandamus absolute against the defendant for payment of such orders.

■ However, as to the order for $1740, dated May 28, 1948, the rule stated in the preceding division does not apply, as that order was not part of the subject-matter of the proceeding reviewed in *Walden* v. *Nichols*, supra. Counsel for the defendant treasurer assert that as to such latter order the cited decision is "stare decisis," but since one Justice dissented, it is not thus binding on this court. In a later case, *Walden* v. *Smith*, 203 *Ga.* 207 (45 S. E. 2d, 660), this court held that an order of the judge ordering compensation to an official stenographer "became a judgment by a court of competent jurisdiction, and not being void on its face cannot be collaterally attacked." That decision is irreconcilable with the holding in *Walden* v. *Nichols*, supra, as to the effect of such an order. The majority of the court consider the rule thus stated in the *Smith* case the correct one, and as to the $1740 order will follow that decision rather than the *Nichols* case. Applying the ruling in the *Smith* case to the $1740 item, it is held that as to this third order the answer of the defendant set forth no defense and was properly stricken on demurrer.

*Judgment reversed in part, and affirmed in part. All the Justices concur, except Wyatt, J., who dissents from headnote 3 and the corresponding division of the opinion, and Bell, J., absent on account of illness.*